ELIJAH F. GREENE and HENRY DEAL, Appellants *v.* JOHN K. WARNICK, Respondent, impleaded, etc.

An assignee of a mortgage takes it not only subject to all the equities existing between the parties to the instrument, but to the equities which third persons could enforce against the assignor.

*Moore* v. *Metropolitan Bank* (55 N. Y., 41) distinguished.

The provision of the recording act (1 R. S., 756, § 1), declaring every conveyance of real estate void, as against a subsequent *bona fide* purchaser of the same real estate, does not apply where two mortgages are executed at the same time, as neither one, although first recorded, is a subsequent conveyance.

The only effect of recording the assignment of a mortgage, is to protect the assignee from a subsequent sale of the same mortgage; if the assignment be not recorded, it is void as against a subsequent purchaser of the same mortgage.

B. executed at the same time two mortgages on certain real estate, one to M. G., and one to D., which it was understood were to be equal liens and to be recorded at the same time. M. G.'s mortgage was first recorded, and after D.'s mortgage was recorded, was assigned to E. G., and by him assigned to W., both being *bona fide* purchasers for value, without notice of the circumstances. *Held,* that W. took his assignment, subject to all the equities as between M. G. and D., and could claim no priority of lien because of his mortgage being first recorded; that M. G. was not a subsequent purchaser within the recording act, and even if W. could, by virtue of his assignment, be regarded as a subsequent purchaser of some interest in the real estate, he could claim no preference under the statute, as D.'s mortgage was recorded before the assignments.

*Greene* v. *Deal* (4 Hun, 703) reversed.

(Argued February 8, 1876; decided February 15, 1876.)

APPEAL from order of the General Term of the Supreme
Court in the third judicial department, affirming an order of
Special Term which overruled exceptions to, and confirmed,
the report of a referee determining conflicting claims to sur-
plus moneys arising from sale under judgment in foreclosure.
(Reported below, 4 Hun, 703.)

The referee found the following facts among others :

That on the 16th day of May, 1872, the defendants Henry
Deal and Mary C. Greene conveyed by warranty deeds, bear-
ing date on said day, the premises mentioned and described
in the complaint, to Amos S. Brown, subject to certain liens,
among them plaintiff's mortgage; and said Brown, to secure the
payment of a portion of the purchase-price thereof, made and
executed two mortgages bearing even date, to wit, May 16,
1872, each for half the amount unpaid.  One of the said
mortgages was delivered to Henry Deal, and at the same time
the other was delivered to Mary C. Greene.  That it was
understood and agreed by and between said Henry Deal and
said Mary C. Greene at the time of the delivery of the said
mortgages to them, respectively, that said mortgages should
be and were equal liens in all respects upon the premises.
That the said mortgage so delivered to Mary C. Greene was
duly recorded in the office of the clerk of Montgomery county
on the 18th day of May, 1872, at three o'clock in the after-
noon.  That the mortgage so delivered to Henry Deal was
duly recorded in the office of the clerk of Montgomery county
on the 18th day of May, 1872, at three o'clock and fifteen
minutes in the afternoon.  That on the 4th day of Septem-
ber, 1873, the said Mary C. Greene, by an assignment in
writing, assigned and transferred to Elijah P. Greene her
said mortgage, which assignment was duly recorded in Mont-
gomery county clerk's office on the 15th day of September,
1873.  That said Elijah P. Greene, as such assignee, was a
*bona fide* purchaser without notice as to the agreement that
the mortgage executed by said Brown to said Deal should be
an equal lien with said mortgage.  That on the 4th day of
May, 1874, the said Elijah P. Greene, for a valuable consid-

eration, duly assigned and transferred to defendant John K. Warnick his said mortgage, which said assignment has not been recorded. That Warnick is the *bona. fide* purchaser and owner of said mortgage, without notice of any of the circumstances which would have defeated its legal preference over the mortgage executed to said Deal had it remained in the hands of the original mortgagee, Mary C. Greene.

As conclusion of law the referee found that Warnick was entitled to the balance of the surplus money, after paying the liens prior to the two mortgages above described.

*F. S. Westbrook* for the appellant. As to Henry Deal and Mary C. Greene the recording acts did not apply, and neither could gain priority by having his or her mortgage recorded first. (*Jones* v. *Phelps*, 2 Barb. Ch., 440; *Fort* v. *Burch*, 5 Den., 184; 1 R. S., 756, § 1; *How. Ins. Co.* v. *Halsey*, 8 N. Y., 271.) The assignees of Mary C. Greene's mortgage gained no priority by their assignments. (*Trustees Un. Col.* v. *Wheeler*, 61 N. Y., 88; *Ely* v. *McNight*, 30 How., 97; *Mickles* v. *Townsend*, 18 N. Y., 575; *Jackson* v. *Post*, 15 Wend., 25; *Van Rensselaer* v. *Clark*, 17 id., 25; 5 Den., 187.) These assignees were charged with direct notice that the two mortgages stood equal, or they were bound to inquire and ascertain the status of the two mortgages. (4 Kent, 179 [m. p.]; *Williamson* v. *Brown*, 15 N. Y., 354; *Tuttle* v. *Jackson*, 6 Wend., 226.) Notice to their attorney was notice to them. (*Ingalls* v. *Morgan*, 10 N. Y., 178.) Neither mortgage was recorded ahead of the other. (1 R. S., 760, §§ 24, 25.)

*Martin L. Stover* for the respondent. Warnick being a *bona fide* purchaser without notice of any equities, was entitled to protection. (*Corning* v. *Murray*, 3 Barb., 652; *Jackson* v. *Van Valkenburg*, 8 Cow., 264; *Jackson* v. *Given*, 8 J. R., 136; *Varien* v. *Briggs*, 6 Paige, 329; *Webster* v. *Van Steenburg*, 46 Barb., 212; *Wood* v. *Chapin*, 13 N. Y., 518; *Livingston* v. *Dean*, 2 J. R., 479; *Murray* v. *Lyllburn*, id., 441; *Moore* v. *Met. Bk.*, 55 N. Y., 41.)

EARL, J.   This is a controversy between Deal and War-
nick, appellant and respondent, as to the surplus money
arising from a foreclosure of plaintiff's mortgages.

On the 16th day of May, 1872, Henry Deal and Mary C.
Greene, being the owners, subject to the plaintiff's mortgage,
of the lands sold at the foreclosure sale, conveyed the same to
Amos S. Brown, and received from him two purchase-money
mortgages, one to each, for the same amount.   It was under-
stood by the mortgagees that the mortgages were to be equal
liens, that neither was to have priority over the other, and
that both were to be recorded at the same time.   On the
eighteenth day of May the mortgages were taken to the
clerk's office, by the husband of Mrs. Greene, and delivered
to the county clerk at the same time ; but without the knowl-
edge or consent of Deal, he recorded the Greene mortgage at
three o'clock P. M., and the Deal mortgage fifteen minutes
later, and so certified on the back of the mortgages.   In Sep-
tember, 1873, Mrs. Greene assigned her mortgage to Elijah P.
Greene, and that assignment was recorded September fifteenth,
and he assigned it to Warnick the respondent, in May, 1874 ;
and the last assignment was not recorded.   The referee found
and reported that Elijah P. Greene and Warnick were *bona
fide* purchasers of the mortgage without notice of the cir-
cumstances which could prevent either mortgage from taking
preference over the other in the hands of the original mortga-
gee, and that the Greene mortgage owned by Warnick, by vir-
tue of its priority on the record, had priority over the Deal
mortgage, and that the entire surplus should be applied thereon.

It is not questioned that if Deal and Mrs. Greene still held the
mortgages, neither mortgage could have any preference over
the other, and they would be entitled to share equally in the
surplus money.   Independently of the recording act, Mrs.
Greene's assignee would simply take her place, and the
mortgage would continue subject to all the equities, both
latent and patent, which attached to it before the assignment.
This must now be regarded as the settled law in this State,
whatever doubts may formerly have been entertained.

It has been claimed by some judges and decided in some cases, that the only application that can be made of the rule that an assignee of a *chose in action* takes it subject to all the equities existing against it in the hands of the assignor, is that the original debtor can make the same defence against the assignee that he could have made against the assignor. This was the view of Judge HARRIS, in *Corning* v. *Murray* (3 Barb., 652), and it was upon that principle that he disposed of that case. But in *Bush* v. *Lathrop* (22 N. Y., 535) Judge DENIO gave the question very thorough consideration, and after examining many authorities, reached the conclusion that the supposed distinction between latent equities and those existing between the parties to the instrument assigned, had no foundation, and that the assignee took the instrument, not only subject to all the equities between the parties thereto, but subject also to all the equities which third persons could enforce against the assignor. While that case has to some extent been overruled by the case of *Moore* v. *The Metropolitan Bank* (55 N. Y., 41), the law, as announced by Judge DENIO, upon the point now under consideration, was not questioned; and it has been approved in other cases. All that was held in the latter case was, that a wrong application of the law was made in the former case. It was held that a *bona fide* purchaser for value of a non-negotiable chose in action from one upon whom the owner has, by assignment, conferred the apparent absolute ownership, where the purchase is made upon the faith of such apparent ownership, obtains a valid title as against the real owner who is estopped from asserting a title in hostility thereto. The decision was based upon the doctrine of estoppel which precluded the real owner from asserting his title against a *bona fide* purchaser from one upon whom he had conferred apparent ownership, and apparent absolute authority to convey. In *Bush* v. *Lathrop*, Noble, plaintiff's intestate, owned a bond and mortgage for $1,400, and being indebted to one Preston in the sum of $268, gave him his note for that sum, and assigned the bond and mortgage by an absolute and

unconditional assignment to secure that note. Preston afterward assigned the bond and mortgage to Smith and Newton, and they afterward assigned to the defendant who paid full consideration. These assignments were all absolute in form expressing a full consideration, and there was nothing to impeach the good faith of either of the assignees. Judge Denio, applying the law as above stated, held that the subsequent assignments were all subject to Noble's prior equities, and that he had the right to redeem. Under the authority of the case of *Moore* v. *The Metropolitan Bank*, Noble ought to have been held estopped from asserting his title to the bond and mortgage in consequence of his absolute assignment of the same, by which he conferred the apparent ownership upon Preston, and apparent authority to sell; and so far the decision of that case must now be considered to have been erroneous. But in such a case, the estoppel can only operate against the party whose act created it, and cannot affect the rights or equities of other persons. In this case there is nothing to estop Deal. He did nothing to induce a purchase of the Greene mortgage, and neither by his act or omission misled Warnick or his assignor. In *Schafer* v. *Reilly* (50 N. Y., 61) it was held that one who takes an assignment of a mortgage takes it subject not only to any latent equities that exist in favor of the mortgagor, but also subject to the latent equities in favor of third persons. Judge Allen, writing the opinion of the court, cites with approval the opinion of Judge Denio in *Bush* v. *Lathrop*, and says that it must, upon this question, be regarded " as a just exposition of the law, as well upon principle as upon authority." The same question came under consideration again in the case of *The Trustees of Union College* v. *Wheeler*, in the Commission of Appeals,* and Commissioner Dwight, in a learned opinion, reviewing the cases, reached the same conclusion as to the effect of an assignment of a mortgage upon latent equities. He said : " It is well settled that an assignee of a mortgage must take it subject to the equities attending the original

* 61 N. Y., 88.

transaction. If the mortgagee cannot himself enforce it, the assignee has no greater rights. The true test is, to inquire what can the mortgagee do by way of enforcement of it against the property mortgaged? What he can do the assignee can do, and no more." In the language of Lord THURLOW, in *Davies* v. *Austen* (1 Ves., 247), often quoted with approval, " a purchaser of a chose in action must always abide by the case of the person from whom he buys."

We think, therefore, unless the Green mortgage has obtained some advantage in the hands of Warnick by the record, it was not entitled to any priority over the Deal mortgage, and whether it obtained such advantage will now be considered. It is provided (1 R. S., 756, § 1) that "every conveyance of real estate, within this State hereafter made, shall be recorded in the office of the clerk of the county where such real estate shall be situated ; and every such conveyance not so recorded shall be void as against any subsequent purchaser in good faith, and for a valuable consideration of the same real estate or any portion thereof whose conveyance shall be first recorded." By subsequent provisions (§§ 36, 37, 38, 41) it is clear that an assignment of a mortgage is a conveyance which may be recorded under the law. An unrecorded conveyance is declared void only as against a *subsequent* conveyance *first* recorded. The Greene mortgage, although first recorded, was not a *subsequent* conveyance, and therefore these two mortgages, executed at the same time, are not within the statute. If Warnick may, by virtue of his assignment, be regarded as a subsequent purchaser of some interest in the real estate, then he can have no advantage from the statute, because Deal's mortgage was recorded before the assignment, and although Warnick held a subsequent conveyance it was not first recorded. When Deal's mortgage was placed upon record, containing a clause, as did the Greene mortgage, that it was given for the purchase-money, it showed that it was given at the same time with the Greene mortgage, and that neither mortgage could have any preference over the other.

But the only effect of recording an assignment of a mort-

gage is to protect the assignee against a subsequent sale of the same mortgage. If the assignment be not recorded, the assignor can assign to another person, a purchaser in good faith, and for value, who may record his assignment first, and will then hold the mortgage against the first assignee. An assignment is a conveyance of the mortgage which, within the recording act, is a chattel real, and such conveyance, not recorded, is void against any subsequent purchaser " of the same real estate," to wit, the same mortgage. In *Campbell* v. *Vedder* (3 Keyes, 174), Judge PECKHAM said : " The only alteration made by the recording act of 1830, is that an assignment must now be recorded as against a subsequent *bona fide* purchaser of the mortgage assigned. A 'subsequent purchaser in good faith' in the recording act as to this case, means a purchaser of the mortgage assigned, not a purchaser of the premises." In *Gillig* v. *Maass* (28 N. Y., 191), Judge WRIGHT said : " The recording statutes only apply to successive purchasers from the same sellers, and the record of the assignment of the mortgage would only be constructive notice of such assignment as against subsequent assigns of the mortgage." And in *Purdy* v. *Huntington* (42 N. Y., 334, 338, 347), Judges LOTT and SUTHERLAND use language to the same effect. As Deal's rights were not derived from Mrs. Greene subsequent to the assignment of her mortgage, and as his equities attached to that mortgage before its assignment, we are of opinion that the recording act has no application to this case, and that the two mortgages must share equally in the surplus in question.

The order of the General Term must be reversed, and that of Special Term modified, so as to divide the surplus as above indicated, the costs of the appellant upon the appeals to the General Term and to this court to be first paid out of the fund, and the respondent to recover no costs.

All concur.

Order reversed and ordered accordingly.