EDWARD Z. LAWRENCE AS RECEIVER OF THE AMERI—CAN POPULAR LIFE INSURANCE COMPANY, APPELLANT, *v.* NATHANIEL CONKLIN AND OTHERS, RESPONDENTS.

*Deed procured by fraud — when a mortgage by a subsequent grantee is void as to the real owner.*

The defendant Conklin, being the owner and in possession of a farm, entered into an agreement to sell it to one Millard on payment of an amount, and at a time specified therein. Before the time for the said payment Millard fraudulently procured Conklin to execute a deed of the farm, and allow him to take it for the purpose of exhibiting it, he agreeing to make no other use of it until the price was paid. Millard, without paying the purchase-price, conveyed it to Ferguson, who knew that Conklin was in possession, and had not been paid. Subsequently Ferguson conveyed to one Van Tassel, who gave back to him a purchase-money mortgage, which he assigned for a valuable consideration to the plaintiff.

Neither Van Tassel nor the plaintiff made any inquiry of Conklin, who was, at all times, in possession of the farm. In an action to foreclose the mortgage, *held*, that it was void as to the defendant Conklin.

APPEAL from a judgment in favor of the defendant Conklin, entered upon the trial of this action by the court without a jury. The action was brought for the foreclosure of the mortgage hereinafter mentioned.

The court found that on the 5th day of August, 1873, the defendant Nathaniel Conklin was the owner in fee and in possession of the lands and premises known as the "Conklin farm," which are the same lands and premises described in the complaint in this action. On the 17th day of July, 1873, the defendant Conklin entered into a written agreement with the defendant Nehemiah Millard to sell and convey to him his said farm on his, Millard's, paying therefor the sum of $9,000 in money, or securing this amount to said Conklin by mortgage, as particularly mentioned and stated in the said written agreement. On the said 5th day of August, 1873, and before the time fixed in the said agreement for the execution or delivery of the deed, the defendant Millard came to the defendant Conklin, at his residence, upon his said farm, and requested him to execute the deed of his said farm, called for by the said agreement, to enable him, the said Millard, to exhibit it. The

said Millard, to induce the defendant Conklin to execute such deed, and intrust him with the possession thereof, falsely and fraudulently represented and stated to the defendant Conklin that he wanted the possession of the deed simply to exhibit it, and not to use it in any other manner, and would not make any other use of it before paying or securing the purchase-price for said farm, and he falsely assured said Conklin that he would return the said deed if he did not pay the purchase-price of the farm or secure the same ; that induced by the false and fraudulent representations of the defendant Millard, and believing that he was acting in good faith, the defendant Conklin did, on the said 5th day of August, 1873, execute, in conjunction with his wife, a deed of his said farm to said Millard, and did intrust him with the possession thereof for the sole purpose of exhibiting the same, and not for the purpose or with the intent of transferring thereby the title of his said farm to the said Millard ; that the defendant Millard, on obtaining the possession of the said deed, for the purpose of cheating and defrauding the defendant Conklin, did, within a few days thereafter, without his, Conklin's, knowledge or consent, and without paying or securing, or intending to pay, or secure the purchase-price of said farm, execute a deed of the said farm to. the defendant John S. Ferguson, who knew that the defendant Conklin was in the possession of the said farm, and had not been paid any part of the purchase-price agreed to be paid therefor by the defendant Millard ; that the defendant Ferguson did not, before receiving his deed from Millard of said farm, or before paying any part of the purchase-money agreed by him to be paid therefor to said Millard, inquire of the said Conklin why he remained in possession of the said farm, nor what his rights thereto were ; that the defendant Ferguson, soon. after he obtained the deed of the said farm from the defendant Millard, made a conveyance thereof to the defendant Ellen Van Tassel, who, in conjunction with her husband, the defendant Isaac G. Van Tassel, executed and delivered to the said Ferguson the mortgage in the complaint mentioned ; that before receiving the deed from the defendant Ferguson, the defendant Ellen Van Tassel did not, nor did her husband, Isaac G. Van Tassel, make any inquiry of the defendant Conklin why he continued in the possession of the farm, nor what his rights

were, although they knew he, said Conklin, was in the actual possession of the farm; that at the request of the defendant Ferguson, and with the knowledge and consent of the defendants Millard and Isaac G. Van Tassel, the American Popular Life Insurance Company purchased, for a valuable consideration, the mortgage in the complaint mentioned; that such purchase was made without the knowledge or consent of the defendant Conklin, and without any inquiry on the part of the said insurance company of the said Conklin, why he remained in possession of the farm, nor what his rights were to the same.

*Geo. W. Wingate,* for the appellant.

*S. Earl,* for the respondent, Conklin.

DYKMAN, J.:

If this mortgage can be foreclosed, and a good title can be obtained to the premises under the judgment, then there is opened up an easy way to deprive land owners of their property without compensation, and without their knowledge or assent; and if this scheme succeeds there is no reason why the case should remain long a solitary one, as there are doubtless many persons as confiding and unsuspecting as old Mr. Conklin, and Millard is not the only one of his like, extant. The success of the plaintiff would also show that if the possession of a deed can be obtained by fraud and deception, conveying land to the person receiving it, then the grantee can make a conveyance which will vest a good title, although he had none himself to convey. Here Millard, by false representations, procured the possession of the deed for a specific purpose. It was not delivered to him as a conveyance, and he took nothing under it. Then he made a pretented conveyance of the premises to Ferguson, who knew at least that he had not fulfilled his contract with his grantor. Ferguson, who then made a deed to Ellen Van Tassel, and took back the mortgage in question, which he assigned to the insurance company, who took it subject to all the equities existing between the mortgagor and mortgagee. (*Greene* v. *Warnick,* 64 N. Y., 220.) As, therefore, Ferguson took no title from Millard, because he had none to give

him, so Ellen Van Tassel took no title from Ferguson because he had none to give her, and as she took no interest in the land under her deed she could create no incumbrance thereon by her mortgage.

It is true the insurance company was an honest holder of the mortgage, and the money so received on the assignment was probably the first that had been realized from the fraudulent scheme ; yet that is not sufficient. As Ferguson could not have enforced this mortgage against either the mortgagee or Conklin, neither can the plaintiff do so, as he occupies the same position. If there had been no fraud in the transaction, and Conklin had voluntarily placed Millard in the position he seemed to occupy, as the grantee in the deed to him, then Conklin would have been responsible for the appearances which he created, and been estopped from denying the title of a *bona fide* purchase from Millard. But fraud vitiates every transaction into which it enters, and here the fraud was most gross and wicked. An aged man of more than four score years is induced by his lawyer, in whom he had been doubtless accustomed to confide, to execute and deliver to him a deed of conveyance of all he had on earth, for the purpose of exhibition, to facilitate a sale which the old man had been long desirous of making. Instead, however, of answering the trust reposed in him he attempted to convey the property in his own interest, and perpetrated the fraud which had its climax and fulfillment when the money was obtained from the insurance company on the mortgage in question.

Upon such a transaction a court of equity will lay no light hand, but will stamp it with its strong condemnation, wherever or however it may be presented ; and one of the most pleasing duties that the courts perform is to frustrate and prevent the consummation of such schemes of fraud and wrong.

The judgment should be affirmed, with costs.

Present — GILBERT and DYKMAN, JJ.; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.