(46 Misc. Rep. 357.)

### QUACKENBUSH v. WHEATON et al.

(Supreme Court, Special Term, New York County. February, 1905.)

1. MORTGAGE—ASSIGNMENT—RIGHTS OF ASSIGNEE.

    An assignee of a mortgage takes the assignment subject to all defenses that would have been available against the assignor.

    [Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 678–686.]

2. SAME—EXTENSION.

    Where a mortgage is assigned for a valuable consideration, the assignee takes it subject to an oral agreement between the mortgagor and the assignor for an extension of the mortgage, though he had no notice thereof, and the agreement may be pleaded in defense to a foreclosure of the mortgage before the period for which it was extended has expired.

Action by one Quackenbush against Esther A. Wheaton and others. Judgment for defendants.

Quackenbush & Wise, for plaintiff.
A. C. Bostwick, for defendants.

GREENBAUM, J. This action is brought to foreclose a mortgage on real property made by the defendant Esther A. Wheaton to the American Mortgage Company, and by it assigned to John McGovern, who in turn assigned it to the plaintiff in this action. The defendant Shepherd, the present owner of the equity of redemption of the mortgaged premises, interposes the defense that, during the time when the said McGovern was the holder and owner of the bond and mortgage in suit, the time for the payment of said mortgaged debt was extended for one year from March 16, 1904, for a valuable consideration. The foreclosure is brought for nonpayment of the principal secured by the mortgage, and it is claimed by the plaintiff that no such extension was agreed upon, and that, even if it had been so agreed, the plaintiff, a bona fide assignee without notice of the oral extension agreement, was not bound by it.

The facts elicited upon the trial abundantly establish that the said McGovern had for a valuable consideration extended the time for the payment of the mortgage, and I so find. It may be assumed that the plaintiff became the owner of the mortgage in suit for a valuable consideration and without notice of the extension agreement. As a case of first impressions, there would appear to be no

difficulty in holding that, a mortgage being a chose in action, an assignee would be in the exact position of the assignor of the mortgage, and would take the assignment subject to all defenses and equities that would have been available against the assignor, unless the recording acts tended to qualify or change the rights of the assignee. Plaintiff, however, relies upon the statement in the case of Bank for Savings v. Frank, 45 N. Y. Super. Ct. 404, 409; Id., 56 How. Prac. 403, that the general rule above stated "does not extend to equities other than such as attend the original transaction. They must exist at the time of the inception of the mortgage—at the time it springs into life"—and argues that the agreement to extend the mortgage, being subsequent to the creation of the mortgage, was not binding upon the plaintiff, an innocent assignee for value. An examination of the case cited will show that the statement quoted therefrom was purely obiter, inasmuch as the learned justice held as matter of fact that the assignee of the mortgage in that case had notice of the rights of the plaintiff. An examination of the authorities bearing upon the point raised shows that Bank for Savings v. Frank, supra, was cited and its reasoning relied upon in the case of Gearon v. Kearney, 22 Misc. Rep. 285, 50 N. Y. Supp. 26. Upon appeal, however, to the Appellate Division, the latter case was reversed under the title of Squire v. Greene, 32 App. Div. 258, 52 N. Y. Supp. 1013 (see, also, Id., 47 App. Div. 636, 62 N. Y. Supp. 48), upon a theory which necessarily and in effect was opposed to the limitation of the rule laid down in the Bank for Savings Case. It may, in passing, be of interest to observe that the reasoning which likely led the court to conclude that the equities are only applicable to those attending the original transaction arose because of expressions found in some of the cases, notably in that of Trustees of Union College v. Wheeler, 61 N. Y. 88, where (on page 104) it is said that, "It is well settled that an assignee of a mortgage must take it subject to the equities attending the original transaction." That statement was undoubtedly correct as far as it went, and in the case then before the court it was entirely applicable, because there the equities invoked related to matters attending the original transaction. But a full reading of the case will show that the learned justice writing the opinion by no means limited the rule to the equities attending the original transaction. The very next sentence following the one quoted reads: "If the mortgagee cannot himself enforce it, the assignee has no greater rights. The true test is to inquire, what can the mortgagee do by way of enforcement of it against the property mortgaged? What he can do, the assignee can do, and no more;" and further on (page 106) the learned judge says:

"The correct theory is well stated in 2 Story on Equity Jurisprudence, § 1040: 'Every assignment of a chose in action is considered in equity as in its nature amounting to a declaration of trust and to an agreement to permit the assignee to make use of the name of the assignor in order to recover the debt or reduce the property into possession.' This theory would lead to the conclusion that the action by the assignee must be precisely commensurate with that of the assignor, as it must be in his name, and on the supposition that, for the purposes of the action, he is still the owner."

The case of Westbrook v. Gleason, 79 N. Y. 23, 29, 30, Greene v. Warnick, 64 N. Y. 220, and numerous other cases, many of them cited in the "Note on Title Acquired by Assignee of Mortgage," appended to Squire v. Greene (Sup.) 52 N. Y. Supp. 1013, seem fully to sustain the doctrine that an assignee of a mortgage takes no other or greater rights than the assignor. The recording acts cannot affect the question arising in this case, because it is well recognized that "the only effect of recording an assignment of a mortgage is to protect the assignee against a subsequent sale of the same mortgage" (Greene v. Warnick, 64 N. Y. 226, 227), a situation not here presented. It follows that the action is prematurely brought, and judgment will be rendered in favor of the defendants.

Judgment for defendants.