The question to be decided is, whether under the finding of the referee, the plaintiff is to be deemed to have had at the time of his purchase, legal notice of the prior unrecorded mortgage of the defendant. The referee finds that the plaintiff had sufficient information or belief of the existence of such mortgage to put him upon inquiry, *Page 363 
but that upon pursuing such inquiry to the extent of such information and belief, he did not find that such mortgage existed or had been given. It seems to me that the two findings are inconsistent with each other. If the plaintiff on pursuing an inquiry to the full extent of his information and belief as to the existence of the defendant's mortgage, was unable to find that it either then existed or had been given, the highest evidence is furnished that the information received or belief entertained by the plaintiff was not sufficient to put him on inquiry as to the existence of such mortgage. The last part of this finding effectually disproves the fact previously found of the sufficiency of notice to put the plaintiff on inquiry. The two facts are utterly inconsistent with each other, and cannot possibly coexist.
The remarks of PARKER, Justice, in Rogers v. Jones (8 N.Hamp., 264, 269,) are directly apposite to the facts found by the referee. Judge PARKER says: "To say that he (demandant), was put upon inquiry, and that having made all due investigation without obtaining any knowledge of title, he was still chargeable with notice of a deed, if one did really exist, would be absurd." The sound sense of these observations is clearly shown by the principle of the rule that information sufficient to put a party upon inquiry is equivalent to evidence of actual notice, or to direct and positive notice. That principle is, that such information will, if followed by an inquiry prosecuted with due diligence, lead to a knowledge of the fact with notice of which the party is sought to be charged. Hence, in all cases where the question of implied notice of a prior unrecorded mortgage or conveyance arises as a question of fact to be determined, the court must decide whether the information possessed by the party would, if it had been followed up by proper examination, have led to a discovery of such mortgage or conveyance. If the determination is that such an examination would have resulted in a discovery of the mortgage or conveyance, the conclusion of law necessarily results that the information *Page 364 
possessed by the party amounted to implied notice of such instrument. But if the determination is the converse of the one stated, the information of the party cannot be held to be an implied notice of the deed or mortgage. These propositions will be found to be fully sustained by authority. (Kennedy v.Green, 3 Myl. Keene, 699; 2 Sugden on Vendors, c., 552,Am. ed. of 1851, marg. page 1052; 4 Kent's Com., 172;Howard Ins. Co. v. Halsey, 4 Sandf. S.C.R., 577, 578; samecase, 4 Seld., 274, 275; 1 Story's Eq. Jur., §§ 398-400, 400a; Jackson v. Burgott, 10 John., 461; Dunham v. Dey, 15John., 568, 569, in error; Jackson v. Given, 8 John.,
137; Jolland v. Stainbridge, 3 Ves., 478; Pendleton v.Fay, 2 Paige, 205.) Where the information is sufficient to lead a party to a knowledge of a prior unrecorded conveyance, a neglect to make the necessary inquiry to acquire such knowledge, will not excuse him, but he will be chargeable with a knowledge of its existence: the rule being that a party in possession of certain information will be chargeable with a knowledge of all facts which an inquiry, suggested by such information, prosecuted with due diligence, would have disclosed to him. (4 Sandf.S.C.R., 578; 3 Myl, Keene, 699.) In this case the fact being found by the referee, that the plaintiff after pursuing an inquiry to the extent of his information, failed to discover the existence of the defendant's mortgage, it seems to me that neither law or justice will justify us in holding the plaintiff chargeable with implied notice of such mortgage. The doctrine of notice and its operation in favor of a prior unrecorded deed or mortgage rests upon a question of fraud, and on the evidence necessary to infer it. (4 Kent's Com., 172.) Actual notice affects the conscience, and convicts the junior purchaser of a fraudulent intent to defeat the prior conveyance. His knowledge of facts and circumstances at the time of the second purchase sufficient to enable him on due inquiry to discover the existence of the prior conveyance, is evidence from which a fraudulent intent may be inferred. (15 John., *Page 365 
569; 2 John. Ch. R., 190; Jackson v. Burgott, 10 John.,
462.) Now if it is ascertained and found as a fact, that the facts and circumstances within the knowledge of the second purchaser, at the time of his purchase, were insufficient to lead him, on a diligent examination, to a discovery of the prior conveyance, how upon this finding can a fraudulent intent be inferred, and if not, how can he be charged with notice, which implies a fraudulent intent? It is not in the nature of things, that a knowledge of the same facts and circumstances, shall at one and the same time, be held evidence of both innocence and guilt. I think the rule well established that an inference of a fraudulent intent on the part of a junior purchaser or mortgagee, must in the absence of actual notice, be founded on clear and strong circumstances, and that such inference must be necessary and unquestionable. (McMechan v. Griffing, 3 Pick., 149, 154, 155; Hine v. Dodd, 2 Atk., 275; Jackson v. Given,
8 John., 137; 2 Mass., 509; 2 John. Ch. R., 189; 15 John.S.C., 569; 8 Cow., 264, 266.)
For the above reasons, both the judgment rendered on the report of the referee, and the judgment of the general term affirming the same, should be reversed, and a new trial should be granted.
All the judges concurred in the result of the foregoing opinions except COMSTOCK and BROWN, who not having heard the argument, took no part in the decision.
New trial ordered.