CHARLES DRAUDE ET AL., Appellants, *v.* ROHRER CHRISTIAN MANUFACTURING COMPANY ET AL., Respondents.

### June 15, 1880.

1. The record of a deed fraudulently executed by a married woman under the name she bore prior to her marriage imparts no notice.

2. A purchaser is bound by actual notice of an unrecorded lien upon real estate, but such notice must be precise.

3. To bind a subsequent purchaser there must be such notice as will, with the attending circumstances, affect him with fraud.

APPEAL from the St. Louis Circuit Court, ADAMS, J. *Affirmed.*

FISHER & ROWELL, for the appellants : Courts of chancery will correct deeds which, by mistake or fraud, do not contain the contract of the parties. — *Crum* v. *Loud*, 23 Iowa, 219 ; *Van Wagner* v. *Van Nostrand*, 19 Iowa, 422 ; *Loss* v. *Obey*, 22 N. J. Eq. 54 ; *Easton* v. *Easton*, 37 N. J. L. 108.    To prevent the effect of a fraud, equity will carry into effect the contracts of married women. — *Glass* v. *Warwick*, 40 Pa. St. 140 ; *Dameron* v. *Jamison*, 4 Mo. App. 299 ; *Price* v. *Hart*, 29 Mo. 171 ; *McQuie* v. *Peay*, 58 Mo. 56.

WADE & FORSTER, for the respondents : Vague information which could not be followed up by reference to the records will not charge a purchaser with notice. — *Pittman* v. *Lofley*, 64 Ill. 155 ; *Massie* v. *Greenhow*, 2 Patt. & H. 255 ; *Jolland* v. *Stainbridge*, 3 Ves. jr. 478 ; *Woodworth* v. *Paige*, 5 Ohio St. 70.    Recording the void deed of trust could not operate as constructive notice to subsequent purchasers, as it was not in the chain of title. — *Crockett* v. *Maguire*, 10 Mo. 34 ; *Roberts* v. *Bourne*, 23 Me. 165 ; *Losey* v. *Simpson*, 11 N. J. Eq. 246 ; *Long* v. *Dollarhide*, 24 Cal. 218 ; *Rodgers* v. *Burchard*, 34 Texas, 441 ; *Bates* v. *Norcross*, 14 Pick. 224 ; *Veazie* v. *Parker*, 23 Me. 170.    They would have had notice, by seeing the deed, of nothing more than that she had borrowed money, for which she undertook to execute an encumbrance, which she was incapable of doing because the law had positively disabled her, and which could only be done, under a statute, by her and her husband. — *Shroyer* v. *Nickell*, 55 Mo. 264 ; *Knowles* v. *McCamley*, 10 Paige, 342 ; *Carr* v. *Williams*, 10 Ohio, 305 ; *Chaney* v. *Tipton*, 3 Gill, 327 ; *Johns* v. *Reardon*, 11 Md. 465 ; *Martin* v. *Hargadine*, 46 Ill. 322.

BAKEWELL, J., delivered the opinion of the court.

This was a proceeding in equity to set aside a deed of trust. At the close of plaintiffs' case the court gave a declaration of law to the effect that on the testimony, the plaintiffs were not entitled to recover. Plaintiffs then took a nonsuit, which the court subsequently refused to set aside.

The testimony introduced was to the effect that Mildred Brockage, the widow of John Brockage, married one Charles S. Alvord on the 17th of November, 1875, in the city of St. Louis, where she and her former husband had previously resided. About two months after her marriage, and during her husband's absence from the city, through the agent who had collected her rents, and an examiner of titles who had attended to her business as administratrix of her former husband, Mrs. Alvord effected a loan of $600 on her interest acquired from her father in certain real estate in St. Louis. For this purpose she executed a note and a deed of trust upon this property. These instruments were executed by her as Mildred Brockage, a widow, and were dated and recorded on February 1, 1876. She had told her husband that she intended to borrow some money on this property ; and she received cash for the note, and used the money for her own purposes. Plaintiff Draude acquired the note before maturity for value. Mrs. Alvord says that she did not mention her marriage, at the time of the loan, because she thought it made no difference and was nobody's business. The parties lending her the money and negotiating the loan did not ask her whether she was married or not; the agents who acted in the premises had long known her as a widow, and never suspected that she was married again. Afterwards, in August, 1877, her husband became an agent for the sale of goods for the Rohrer Christian Manufacturing Company, and in order to retain his agency and secure the company for goods placed in his hands to sell, Alvord and his wife, on the 26th of August, 1878, executed and delivered to a trustee for that company a deed of trust upon Mrs. Alvord's

interest in the same property described in the former deed, to secure thirty notes made by Alvord to the order of the company, each for $50. Alvord and his wife both swear that before executing this deed they informed the company that the property was already encumbered for $600. They do not say that they stated any further particulars of the encumbrance. There is also some evidence of a less positive character by the examiner of titles, who was consulted as to both deeds, to the effect that some officers and agents of the company understood, when taking the deed of trust, that they were not getting a first lien. On this state of facts, plaintiffs ask that the lien of the deed of trust of the Rohrer Christian Manufacturing Company be subordinated to the first instrument executed by Mrs. Alvord as Mrs. Brockage, and that that paper be declared a valid deed and a prior lien.

But we think that the evidence does not entitle the holder of the first note to the relief that he claims. It is not the rights of Mrs. Alvord that are concerned here, but the rights of third parties, who, on the faith of the acts concerning conveyances, and the registration acts, have accepted as security for advances a first lien upon real estate. It is said that they had actual notice. But there is no evidence that they had notice of the paper which Mrs. Alvord had signed, or of its contents. They were told, it is said, that "the property was already encumbered for $600." But in truth it was not so encumbered, and an examination of the marriage register at the recorder's office, and of the indexes there, would show that no deed of trust from Mrs. Brockage whilst a widow, or from Mrs. Alvord after her marriage, affecting this property, was of record. There is no question here, as in *Dameron* v. *Jamison*, 4 Mo. App. 303, and other cases cited by counsel for appellant, of giving effect to the intentions of a married woman to uphold her rights as against a person claiming in fraud of those rights. The married woman here was a party to the fraud. Nor is it a question simply of enforcing the contract of a married woman

as against herself, to prevent injustice. We are asked to postpone the legal rights of the diligent party, who is not shown to have been guilty of any fraud, to a pretended equity. Somebody, perhaps, must suffer through the fraudulent concealment and misrepresention of Mrs. Alvord, but no reason whatever appears why the Rohrer Christian Manufacturing Company, who seem to have a valid lien, and who are not shown to have used any undue means to obtain it, or to have been guilty of any fraud, should be deprived of their property for the benefit of the holder of the worthless instrument which, through a mistaken confidence that the grantor was what she represented herself to be at the time, was unfortunately accepted as valid.

It is not any vague talk about a prior encumbrance which can affect the conscience of a purchaser. It must be clearly shown that there was notice of such a character that to disregard it would be a fraud. It is not pretended in this case that it was ever said to any one connected with the Rohrer Christian Manufacturing Company that Mrs. Alvord had given a mortgage to secure a note still outstanding, which instruments were executed by her in a name not her own, or anything to that effect. Babcock thinks something was said about a former encumbrance; he is not sure what. Mrs. Alvord's testimony is not to be relied upon, as she was the perpetrator of the fraud against which plaintiffs seek to be relieved in this action; and Alvord speaks of his wife and himself having notified the president of the Rohrer Christian Manufacturing Company, and also the person who drew up the deed for them, at the time the mortgage was given to secure his notes, that there was an encumbrance on this piece of land in the hands of one Anderson for $600. Afterwards Alvord says that the matter spoken of was an encumbrance on this piece of land and another piece of property owned by his wife, the total amount being $900; and he thinks that the amount mentioned as secured upon each piece was not named.

A purchaser is bound by actual notice of a lien upon real estate, though it be not recorded ; for the registration acts are not intended to sacrifice substance to form, nor is it intended that actual notice shall not bind where constructive notice would. But the doctrine is that notice of an unregistered deed must be precise in order to affect a subsequent purchaser. *Jolland* v. *Stainbridge*, 3 Ves. jr. 478. And see the American editor's note to that case, and the cases cited by him. In *Jackson* v. *Van Valkenburgh*, 8 Cow. 261, the attorney had heard, generally, of a mortgage previous to the one which he was directed to procure an assignment of ; but on searching he found no registry of it, though he saw a previous absolute assignment of the mortgageor's interest among the deed-papers at the clerk's office, which had been recorded, probably by mistake of the clerk, in the book of deeds, there being in fact a simultaneous defeasance which gave it the character of a mortgage. It was held that this was not a sufficient notice to supply the place of a proper registry, and that the assigned mortgage should take the preference.

Chancellor Kent says : " The notice, to break in upon the registry acts, must be such as will, with the attending circumstances, affect the parties with fraud." *Dey* v. *Dunham*, 2 Johns. 182. " The person," says the chancellor, in *Jolland* v. *Stainbridge*, *supra*, " must know exactly the situation of the former deed, and have meant to defraud." " Nothing short of fraud, or of clear and undoubted notice, will do," says Lord Hardwicke, in *Hine* v. *Dodd*, 2 Atk. 275.

The notice that will put one on further inquiry was perhaps shown in this case ; but if that is conceded, the notice is defective for the purposes for which it is here invoked. There are cases in which that species of notice is sufficient, but it will not supply the place of registry. To hold otherwise would be to break in upon the policy and the express provisions of the registry acts.

In this case, plaintiffs ask the court not only to give effect to the deed of a married woman, made without joining her husband in the conveyance, but to affect a subsequent inquirer with notice of this deed, though it was registered in a name which was not that of the grantor at the date of the conveyance, on the statements of one or two witnesses that they were present at conversations in which the fact of a prior encumbrance was vaguely mentioned to the second encumbrancer. We think the Circuit Court properly held that the testimony was insufficient for this purpose, and its judgment will be affirmed. All the judges concur.