CHARLES M. SMITH ET AL.

v.

CATHARINE E. KEOHANE.

MORTGAGE—ASSIGNMENT SHOULD BE RECORDED.—The registry laws of this State contemplate the recording of assignments of mortgages as well as other instruments relating to real estate, and if an assignee of a mortgage would protect himself against subsequent mortgagees and purchasers, he should have his assignment placed upon record.

APPEAL from the Superior Court of Cook county; the Hon. S. M. MOORE, Judge, presiding.    Opinion filed August 5, 1880.

Mr. NORMAN C. PERKINS, Mr. SAMUEL APPLETON and Mr. A. H. VEEDER, for appellants; that appellants had no notice, actual or constructive, of appellee's rights, and are entitled to protection, cited Turpin v. Ogle, 4 Bradwell, 611; Brown v. Welsh, 18 Ill. 343; Gregory v. Savage, 32 Conn. 250; Bank v. Anderson, 14 Ind. 544.

An assignment of a mortgage should be recorded: Rev. Stat. 1874, Chap. 30, § 28; Chap. 95, §§ 8, 9, 10; Turpin v. Ogle, 4 Bradwell, 611; Gregory v. Savage, 32 Conn. 262; Bank v. French, 17 Conn. 129; Orvis v. Newell, 17 Conn. 97; Baldwin v. Norton, 2 Conn. 161; Edgerton v. Young, 43 Ill. 464; Bailey v. Myrich, 50 Me. 180; Clark v. Jenkins, 5 Pick. 280; Pierce v. Odlin, 27 Me. 341; Henderson v. Pilgrim, 22 Tex. 464.

When one of two innocent persons must suffer by the wrongful act of a third person, it must be the one who placed it in the power of such third person to do the wrong: Turpin v. Ogle, 4 Bradwell, 611; McClure v. Burns, 16 Iowa, 591; Swannell v. Watson, 71 Ill. 456.

An instrument under seal though in the form of a negotiable note is not negotiable:  1 Am. Lead. Cas. 323;  Story on Prom. Notes, § 55; Clark v. Farm. Man. Co. 15 Wend. 256; U. S. v. Bank of U. S. 5 How. 397.

Keohane's title to the mortgage security was purely equitable, and must be decided on equitable grounds: Olds v. Cum-

mings, 31 Ill. 189; Walker v. Dement, 42 Ill. 272; Thompson v. Shoemaker, 68 Ill. 256.

Payments to the mortgagee after assignment, without notice of assignment, must be allowed: James v. Morey, 2 Cow. 287; Mitchell v. Burnham, 44 Me. 303; Banks v. Anderson, 14 Iowa, 545; Turpin v. Ogle, 4 Bradwell, 611.

The assignee of a mortgage must give notice of assignment if he would protect himself against *bona fide* payments to the assignor: Reed v. Marble, 10 Paige, 413; Van Kuren v. Corkins, 6 Thomp. 356.

It is immaterial that the notes had not matured at the time of release: Gregory v. Savage, 32 Conn. 250; Turpin v. Ogle, 4 Bradwell, 611.

Although a mortgage may be revived after improper cancellation, it cannot be done against the intervening rights of third parties: Fasset v. Smith, 23 N. Y. 252; Parsons v. Wells, 19 Mass. 419.

Implied notice which imposes the duty of further inquiry must be clear and undoubted: 1 Story's Eq. Jur. § 399; Peters v. Goodrich, 3 Conn. 150; Jackson v. Van Valkenburgh. 8 Cow. 260.

The acts of a general agent to transact business of a particular kind will bind his principal within the scope of his authority, although he may act contrary to private instructions: U. S. Life Ins. Co. v. Advance Co. 80 Ill. 549; Harris v. Simmerman, 81 Ill. 413; Noble v. Nugent, 89 Ill. 522.

Messrs. GARDNER & SCHUYLER, for appellee; that the reference in the note to the mortgage was mere surplusage and did not affect the terms of the instrument, cited Archer v. Claflin, 31 Ill. 307; Nickerson v. Sheldon, 33 Ill. 372.

Payment of a negotiable promissory note to one not in possession of it and who has no authority to receive payment, is no discharge of the note: Wheeler v. Guild, 20 Pick. 545; Baxter v. Little, 6 Met. 7; Davis v. Miller, 14 Gratt. 1; Coffman v. Bank of Kentucky, 41 Miss. 212; Elgin v. Hill, 27 Cal. 373.

A person making payment without requiring production of

the note, does so at his peril: Mayo v. Moore, 28 Ill. 428; Gosling v. Griffin, 8 Chicago Legal News, 211.

When a mortgage secures a note, and the latter is assigned before maturity, payment to the payee is not good: Reeves v. Scully, Walkers Ch. 248; Dutton v. Ives, 5 Mich. 515; Jones v. Smith, 22 Mich. 360; Bank v. Anderson, 14 Iowa, 544; McClure v. Burris 16 Iowa, 591; Roberts v. Halsted, 9 Pa. St. 32.

Though an agent have authority to receive payment of an obligation, this does not authorize him to receive it before it is due: Campbell v. Hassell, 1 Starkie, 185; Parnther v. Gaitskill, 13 East. 432; Fellows v. Northrup, 39 N. Y. 117; Doubleday v. Kress, 50 N. Y. 410; Smith v. Kidd, 68 N. Y. 130; Wheeler v. Guild, 20 Pick. 545; Thompson v. Elliott, 73 Ill. 221.

WILSON, J. This case is similar in its facts, and not distinguishable in principle from that of Turpin v. Ogle, decided by this court at its May term, 1879, and reported in 4th Bradwell, 611. There Eben F. Runyan in August, 1874, being the payee and holder of certain promissory notes of one Heman R. Allen, dated July 1, 1874, payable in one, two and three years after date, secured upon real estate in Cook county by mortgage of even date with said notes, and duly recorded, indorsed the notes for value, and delivered them, with the mortgage, to Ogle. In the spring of 1875 Runyan procured from Allen, the mortgagor, a conveyance to himself of the equity of redemption, and thereupon before the notes were due, and without the knowledge of Ogle, upon the strength of his apparent title, which he made perfect of record by releasing the mortgage, obtained a loan from the Fidelity Savings Bank (of which Turpin became receiver) and executed a trust deed to Tripp to secure the same. The mortgage from Allen to Runyan was recorded August 1, 1874; the deed from Allen to Runyan, June 19, 1875; the release by Runyan, July 2, 1875, and the trust deed to Tripp at the same time. The trust deed bore date the day before that of the release, which was June 19th, but both, as also the deed from Allen to Runyan, were filed for record on the 19th, and in the order above stated.

. Upon a bill to foreclose, brought by Ogle as the equitable assignee of the mortgage, and praying that the trust deed to Tripp be postponed to his lien as such assignee, the question arose as to who had the prior equity, Ogle or the Bank. This court held that the bank being a mortgagee for a loan of money made upon the faith of the record showing a good title in Runyan, and without actual notice of the assignment of the Allen mortgage to Ogle, was entitled to protection, and had the prior equity; that the registry laws of this state contemplate the recording of assignments of mortgages as well as other instruments relating to real estate; and that if the assignee of a mortgage would protect himself against subsequent mortgagees and purchasers without actual notice of the assignment, he must cause the same to be recorded.

In the present case, appellant Peter Sullivan borrowed of Runyan $2,000, March 12, 1869, for five years, with interest at ten per cent. per annum, giving his notes for principal and interest payable to Runyan, and executed a mortgage to secure the same, which was duly recorded. Shortly afterwards, Catharine Keohane having placed some money in Runyan's hands to be loaned for her, received from him the notes, indorsed by him, and the mortgage, Runyan telling her he had invested $2,000 for her in that way. From time to time, as the interest notes matured, appellee called at Runyan's office and received from him the amount due. About a year after the principal note matured, appellee looked up Sullivan, whom she had never before seen, and was informed by him that he had paid the note to Runyan five years before. About this time Runyan having become involved in many questionable transactions, fled the State.

Meanwhile, Sullivan, in July, 1870, borrowed of appellant Smith $3,000, to secure which he executed a trust deed upon a part of the premises covered by the mortgage to Runyan, and out of the sum thus borrowed, he paid $2,000 to Runyan, who executed a release of the mortgage. The release was dated July 28, and filed for record July 29, 1870. The trust deed from Sullivan to Smith was dated July 20, 1870, and was filed for record July 29, 1870.

Smith v. Keohane.

It will thus be seen that the present case in its essential features is entirely similar to that of Turpin v. Ogle. The elaborate opinion of Mr. Justice Pleasants in that case covers all the material questions arising on the present record. As, after a careful review of the authorities there cited, we see no reason for dissenting from the views therein expressed, it becomes unnecessary in the present case to do little more than announce the conclusions we have reached. There, as here, there was no assignment in writing of the first mortgage, and consequently nothing on the record indicating its transfer. There, as here, the title to the property offered as security was apparently perfect in the mortgagor; and there, as here, the money was loaned upon the faith of the title as shown by the record. The only difference between the two cases is that in the Turpin case Runyan took from the mortgagor a conveyance to himself of the equity of redemption, and then having released the mortgage, executed his own trust deed to secure the subsequent loan, while in the present case he released the mortgage, and Sullivan, the mortgagor, then having, as he supposed, an unincumbered title, made a new loan of Smith and executed the trust deed in question. But that circumstance in no way affects the principle involved.

Our statutes provide for the acknowledgment and recording of deeds, mortgages, conveyances, releases, powers of attorney or other writings of or relating to the sale, conveyance or other disposition of real estate, or other interest therein, whereby the rights of any person may be affected in law or equity; they declare that they shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers, and shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record. In the language of Justice Pleasants: "Their evident policy is to facilitate the disposition of real estate, and at the same time to guard the rights of innocent purchasers, to give security to titles by preventing litigation which might otherwise arise out of fraud, accident, difficulty of proof or secret equities; and this is accomplished just in proportion to the completeness of

the exhibition required to be made upon the public records of interests affecting the title—and of their transfer equally as of their creation—of the persons in whom they are vested, as well as of what they are. Now without undertaking to define precisely the interest or estate of a mortgagee before entry or condition broken, it is enough to say that in popular understanding and technical meaning, it is an interest in land affecting the title, no less in the hands of an assignee than of the mortgagee, and is as much considered in contemplation of a purchase or loan as is the title of the mortgagor. Manifestly, then, it is against the policy of the statute to allow the same interest under the same instrument to be held by a secret assignment, so as to prevail against the recorded release of the assignor, and take the property from an innocent purchaser upon the faith of the record."

It is insisted, however, by appellee, that the circumstances attending the making of the loan by Smith were such as to excite suspicion, and to put the latter upon inquiry as to appellee's rights. We see no sufficient evidence in the record to sustain such a view. The loan appears to have been negotiated in the customary way. Sullivan applied to Smith for a loan of $3,000 upon the security of a portion of the land covered by the Runyan mortgage. Smith was satisfied with the security provided the title should be found satisfactory to his attorney, Mr. Perkins. Upon examining the abstract Perkins finds the title to be clear except a mortgage for $2,000. This Sullivan proposed to pay off out of the proceeds of the new loan. Smith pays over the $3,000, of which Runyan receives $2,000, and executes a release of his mortgage. The release and trust deed from Sullivan to Smith are put on record at the same time, and the loan is completed.

The fact that the trust deed bore date the 20th day of July has no special significance. It is a common thing, as is well known to every one who has had experience in such matters, that the mortgage or trust deed securing the loan is prepared a few days before the loan is finally consummated, and is held while the title is being examined, being finally delivered when the money is paid over.

It is further urged that Sullivan's notes to Runyan were not produced, nor was any inquiry made for them by Sullivan or by Perkins, who acted for Smith. As Smith was not a party to the notes he was only interested in seeing that the title to the property offered as security was free from encumbrance, and, with a release by Runyan of his mortgage, the record showed it was clear. As to Sullivan, the evidence shows that he made inquiry of Runyan for the notes, and was put off by assurances from him that he should have them in a day or two. He had borrowed the money of Runyan, and had no suspicion that the notes had been transferred. A cautious person, and one more accustomed to business, would probably have required the production of the notes when paying them.

But if Sullivan was guilty of negligence, and by reason thereof is still liable to appellee as an innocent holder of the notes, it by no means follows that the defense is available as against Smith, and he alone is here complaining of the decree It is also objected that the notes secured by the Runyan mortgage were not due at the time of the making of the loan by Smith. The same point was made and considered in Turpin v. Ogle, and was held to be unimportant, the court being unable to see any reason why the parties to a mortgage may not without liability to suspicion, arrange to satisfy it just as well before it is due as afterwards. And see, also, Executors of Schwartz v. Leist, 13 Ohio State, 419.

Again it is urged that inasmuch as the payment of the Runyan note was made after its assignment and before maturity, it cannot be allowed as against appellee, a *bona fide* purchaser of the same before maturity; that under the provisions of section 13, chapter 98 of the Revised Statutes, such payments would not be allowed in a suit at law, and that equity must follow the law. Conceding this proposition to be true as between Sullivan and appellee in an action on the notes, its attempted application to Smith in a bill to subordinate the lien of his subsequent mortgage, duly acknowledged and recorded, to the unrecorded interest of appellee, wholly ignores Smith's rights under the registry laws, and can only have any force upon the assumption that he had notice of the assignment of

the notes. To avoid this difficulty appellee's counsel insist that the payment was not made by Sullivan, but by Smith, through Perkins; in other words the claim is that Smith took his mortgage subject to the first, and then himself assumed to pay off the first. We think such a claim is wholly unwarranted by the evidence. The only fair construction to be put upon the testimony is that Sullivan paid the notes to Runyan out of the money borrowed by him from Smith. Any other construction is obviously forced and unreasonable.

Taking the circumstances relied on by appellee to show notice to Smith all together, they fall far short of the proof which the law requires in such cases. A purchaser for a valuable consideration actually paid, is presumed not to have notice of an existing unrecorded interest. Brown v. Welch, 18 Ill. 343. The contrary thereof must be proved by the party asserting it, and so clearly as to take the place of registry. In Jackson v. Van Valkenburg, 8 Cow. 260, the court said: "The inquiry is how particular and certain must be the notice which shall be deemed equivalent to registry? In the case of Dey v. Dunham (2 John. Ch. Rep. 182.) Chancellor Kent observed, the notice, to break in upon the registry acts, must be such as to affect the party with fraud. The ground of the numerous decisions seems to be the actual fraud of the party in taking a second conveyance with knowledge of the first, and with intent to defeat it," and to establish it the proof must be clear. In Hine v. Dodd, 2 Atk. 275, Lord Hardwicke says: "Nothing short of fraud or clear and undoubted proof will do this. And in Jackson v. Burgott, 10 John. 457, actual notice was held necessary. So in Dunham v. Dey, 18 John. 555, it was held that proof of notice must be clear and certain.

If these rules be applied to the present case, the proof relied on to show notice of appellee's unregistered interest in the mortgage premises was manifestly insufficient.

If appellee must suffer, it is the result of her ignorance of the law and misplaced confidence in Runyan. She might have easily protected herself by taking a written assignment of the mortgage and putting it on record, and thus have given notice to all who might have occasion to deal with the property of her

interest in the same.   A just regard for the safety of others, as well as the protection of her own rights required her to do so.

On the hearing in the court below the bill was dismissed as to Foreman, and the Sullivans not having joined in this appeal, the case as to them is not before us.

The decree of the court below must be reversed, and the cause remanded, with directions to that court to enter a decree herein declaring the lien of the trust deed in favor of Smith to be prior and superior to that of the mortgage of Mrs. Keohane, and conforming in all respects to the principles laid down in this opinion.

Reversed and remanded.