PETER E. N. DECKER. Respondent, *v.* CHARLES BOICE et al., Appellants.

An assignee in good faith and for a valuable consideration of a recorded mortgage gets no preference over a prior unrecorded deed or mortgage by reason of such record, when his assignor could not claim it by reason of notice or any other equity.

The contrary rule declared in *Jackson* v. *Van Valkenburgh* (8 Cow. 260), held to be no longer in force.

Such assignee is, however, a purchaser, and his assignment is a conveyance under the Recording Act. (1 R. S. 756, §§ 37, 38.)

If, therefore, the assignment is recorded before the recording of such prior deed or mortgage, he thereby obtains a preference; and an unrecorded conveyance is as to him void under said act.

In an action for partition, plaintiff claimed title under a sale on foreclosure of two mortgages, both executed April 1, 1872. Two other mortgages were executed at the same time, all the mortgagees mutually agreeing that neither mortgage should have priority over either of the others, but that all should be equal liens. The mortgages under which plaintiff claimed were recorded in December, 1872; they were both assigned, the assignees taking for a valuable consideration and in good faith, and the assignments were recorded, one in January, 1874, the other in June, 1876. The other two mortgages were recorded, one in July, the other in August, 1877. *Held*, that the assignees of plaintiff's mortgages were subsequent purchasers under the Recording Act, and upon recording their assignments acquired a preference over the other mortgages, and that, therefore, plaintiffs acquired a valid title under the foreclosure sale.

*Westbrook* v. *Gleason* (79 N. Y. 23), *Greene* v. *Warnick* (64 id. 220), *Crane* v. *Turner* (67 id. 437), distinguished.

(Argued December 3, 1880 ; decided December 14, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 26, 1879, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury. (Reported below, 19 Hun, 152.)

This was an action for partition.

The facts pertinent to the questions discussed appear sufficiently in the opinion.

*Alexander McDowell* for appellants. The agreement between the parties and the equities attending the original transaction attached to and followed the mortgages into the hands of the assignees. (61 N. Y. 104; 64 id. 225, 226; 67 id. 437.) The· purchaser under the foreclosure would get by his purchase only the same interest in the premises, upon which the mortgage was a lien the mortgagee and assignee had. (3 Sandf. 333; 2 R. S. 200; Thomas on Mortgages, 364–8; 64 N. Y. 220; 67 id. 440.) Under the Recording Act plaintiff was a purchaser, and the assignment to him was a conveyance; but he was in no sense a subsequent purchaser. (67 N. Y.437; *Campbell* v. *Vedder*, 1 Ct. of App. Dec. 295.) The assignee of one of the mortgages did not obtain any advantage over the other mortgages, by taking and recording the assignment. (*Bush* v. *Lathrop*, 22 N. Y. 538; *Shafer* v. *Reilly*, 50 id. 61; *The Trustees of Union College* v. *Wheeler*, 61 id. 88; *Greene* v. *Warnick*, 64 id. 220; *Crane* v. *Turner*, 67 id. 437; 64 id. 225, 226; *Corning* v. *Murray*, 3 Barb. 654.) By the purchase Decker secured a good title to the interest which Crandall and Kellogg had a right to sell and no more. (2 R. S. 192; 3 Sandf. 333; Thomas on Mortgages, 364; 10 Barb. 558; 5 Hill, 272; 59 N. Y. 415.) If plaintiff was a *bona fide* purchaser, that will not help him out. (66 N. Y. 199.)

*S. S. Knox* for respondent. The mortgages given to Catharine Decker and William Henry Boice, and purchased by Hiram Crandall and Alvah Kellogg in good faith, for full

value, and without actual or constructive notice of the Clark or Rockfeller mortgages, are prior liens on the lands described in the complaint, by virtue of the Recording Act, as the assignments were first recorded. (*Jackson* v. *Van Valkenburg*, 8 Cow. 260; *Fort* v. *Burch*, 5 Denio, 187; *Shaffer* v. *Reilley*, 50 N. Y. 68; *Trustees, etc.*, v. *Wheeler*, 61 id. 117; *DeLancey* v. *Stearns*, 66 id. 161; *Paige* v. *Waring*, 76 id. 469.) If a junior mortgagee with notice assigns to one who has no notice, the assignee is entitled to the preference, provided, he records his assignment before the prior mortgage is recorded. (*Jackson* v. *Van Valkenburg*, 8 Cow. 260; *Fort* v. *Burch*, 5 Den. 187; *Bush* v. *Lathrop*, 22 N. Y. 540; *Shaffer* v. *Reilley*, 50 id. 68; *Trustees, etc.* v. *Wheeler*, 61 id. 117; *DeLancey* v. *Stearns*, 66 id. 161; *Paige* v. *Waring*, 76 id. 469). By the Recording Act, every conveyance of real estate recorded shall be void as against any subsequent purchaser, in good faith and for a valuable consideration, of the same real estate, or any portion thereof, whose conveyance shall be first duly recorded." (1 R. S. 756, § 1; id. 762, §§ 68, 69, 70 [§§ 36, 37, 38]; *Brown* v. *Valkening*, 64 N. Y. 76–82). The plaintiff, being a purchaser from one who is protected by the Recording Act, takes a perfect title. (*Jackson* v. *Van Valkenburg*, 8 Cow. 260; *Webster* v. *Van Steenberg*, 46 Barb. 211; *Wood* v. *Chapin*, 13 N. Y. 509; *Fort* v. *Burch*, 5 Den. 187; *Bush* v. *Lathrop*, 22 N. Y. 549; *Shaffer* v. *Reilley*, 50 id. 68; *Trustees, etc.* v. *Wheeler*, 61 id. 117; *DeLancey* v. *Stearns*, 66 id. 161; 24 Penn. 363; *Hetzel* v. *Barber*, 69 N. Y. 1–9; *Paige* v. *Waring*, 76 id. 463, 469; *Westbrook* v. *Gleason*, 21 Alb. L. J. 32.)

ANDREWS, J. The plaintiff claims title to six undivided ninth parts of the premises, of which partition is sought in this action, as purchaser, on a statute foreclosure of two mortgages, dated April 1, 1872, executed by Charles Boice, one to William Henry Boice, and the other to Catherine Decker, each mortgage being on the undivided six-ninths of the premises. The mortgages were recorded December 27, 1872. The mort-

gage executed to William Henry Boice was assigned by him to one Crossett, November 6, 1873, and the assignment was recorded January 3, 1874, and was afterward assigned by Crossett to one Kellogg, whose assignment was recorded June 29, 1877. The mortgage to Catherine Decker was assigned by her to Peter E. N. Decker, June 24, 1876, and, on the same day, by him to Hiram Crandall, and both assignments were recorded on that day.

The defendants, Mary J. Clark and Sally Ann Rockefeller each claim to hold a lien on the undivided six-ninths of the premises purchased by the plaintiff, by virtue of mortgages executed to them severally by Charles Boice, of the same date as the mortgages executed by him to William Henry Boice and Catherine Decker. The mortgage to Mary J. Clark was recorded July 24, 1877, and the mortgage to Sally Ann Rockefeller, August 4, 1877. The four mortgages were given on the purchase by the mortgagor, Charles Boice, from the several mortgagees, of their interest as children and heirs-at-law of Henry Boice, deceased, in about ninety acres of land, of which he died seized, each child being entitled to an undivided ninth part thereof.

The controversy in this case turns upon the effect to be given to the recording of the assignments of the mortgages under which the plaintiff purchased. The court at Special Term found that the several assignees were purchasers in good faith, and for a valuable consideration, without notice of the mortgages held by the defendants. If the assignees, by the recording of their assignments, obtained priority over the defendants' mortgages, the plaintiff, as the purchaser on the foreclosure, is entitled to the benefit of their position, and the defendants' mortgages, being upon that assumption subordinate liens, were cut off by the sale.

The four mortgages, as has been stated, were executed at the same time. Each mortgagee had notice of the other mortgages, when his mortgage was taken, and the mortgagees mutually agreed that neither mortgage should have priority

over any other, but that all should be equal liens on the mortgaged premises. It is clear that Boice and Decker acquired no priority over the Clark and Rockefeller mortgages by having their mortgages first recorded, for two reasons : First. They had notice of the Clark and Rockefeller mortgages when they put their mortgages on record ; and second, all the mortgages having been executed concurrently, Boice and Decker·were not, as to the holders of the Clark and Rockefeller mortgages, subsequent purchasers, and the recording acts as between them had no application. (*Greene* v. *Warnick*, 64 N. Y. 220.) So also upon the assignment of the Boice and Decker mortgages, the assignees acquired no priority from the fact that·the assigned mortgages were recorded when they took the assignments, or because they had no notice when they purchased of the existence of the Clark and Rockefeller mortgages. The general rule that the purchaser of a chose in action must abide by the title of the person from whom he buys and takes subject to the equities of the debtor, and also the latent equities of third persons, applies in general to the assignee of a mortgage. Boice and Decker held their mortgages subject to the equity growing out of the agreement between the four mortgagees, that all the mortgages should be equal liens and that neither should have priority. Their assignees were affected by this equity, although they purchased without notice, and the fact that the mortgages were recorded does not aid them, for the reason that it has been authoritatively settled that the assignee of a recorded mortgage, although an assignee in good faith and for a valuable consideration, gets no preference over an unrecorded deed or mortgage by reason of such record when the mortgagee and assignor himself could not claim it in consequence of his having had notice, or by reason of any other equity. (*Fort* v. *Burch*, 5 Den. 187 ; *Westbrook* v. *Gleason*, 79 N. Y. 23.) The contrary rule which was declared in *Jackson* v. *Van Valkenburgh* (8 Cow. 260), under the former statute, cannot, in view of the decisions made under the Revised Statutes, be regarded as any longer in force.

We come then to the question whether the assignees of the Boice and Decker mortgages, by recording their assignments, acquired under the Recording Act priority over the unrecorded mortgages of the defendants. An assignee of a mortgage is by the express terms of the Recording Act a purchaser, and both the mortgage and the assignment, if in writing, are conveyances. (1 Rev. Stat. 756, §§ 37, 38.) The term "conveyance" is defined by the thirty-eighth section to embrace every instrument in writing by which any estate or interest in real estate is created, aliened, mortgaged or assigned ; or by which the title to any real estate may be affected in law or equity, with certain specified exceptions not material to the present inquiry. It is doubtless somewhat incongruous, in view of the doctrine now well settled in this State, that a mortgage is a mere security, and not a title, to define it as a conveyance of an estate or interest in the land mortgaged, but the character of mortgages as mere choses in action was not as well understood when the Revised Statutes were enacted as it has since been. By the common law, a mortgage was a conditional conveyance of the land mortgaged, and it still is a conveyance within the Recording Act. An assignment of a mortgage in writing is also a conveyance within the act, for the reason that it is an instrument by which the mortgagee's interest or title is transferred. This is substantially the construction given to the act by the chancellor in *Vanderkemp* v. *Shelton* (11 Paige, 28), and it has been recognized in subsequent cases.

The assignments of the Boice and Decker mortgages were recorded before the recording of the mortgages to the defendants. The assignees, therefore, were purchasers whose conveyances were first recorded, and having taken the assignments in good faith and for a valuable consideration, the unrecorded mortgages were, as to them, by the express terms of the statute, void. Under the Recording Act an assignee of a mortgage may, as against a prior unrecorded mortgage, acquire a better right than was possessed by his assignor. This principle was distinctly asserted in the recent case of *Westbrook* v. *Gleason* (79

N. Y. 23). In that case there were two successive mortgages on the same land. The mortgagor, in the first mortgage, was the mortgagee in the second. The second mortgage was first recorded and was then assigned to a *bona fide* purchaser for value before the first mortgage was recorded, but the assignment was not recorded until after the recording of the first mortgage. The mortgagee in the second mortgage could not have claimed priority, because when he recorded his mortgage he had notice of the prior mortgage which he had himself executed. It was held in a controversy between assignees of the respective mortgages, that the assignee of the second mortgage could derive no benefit from the prior record of his mortgage, as he stood as to that in the shoes of his assignor, and that he was not entitled to priority by the record of his assignment because the first mortgage was recorded before the recording of his assignment. But it was conceded, that if he had recorded his assignment before the first mortgage was recorded, he would have gained a preference. RAPALLO, J., said: "He would have been protected had he taken the precaution to place his assignment on record before the plaintiff's mortgage was recorded." The same principle was decided in *Fort* v. *Burch* (*supra*). The remark has been made in some recent cases, following *dicta* in earlier cases, that the only purpose of the statute, authorizing the recording of assignments of mortgages, was to regulate the relation to each other of successive assignees of the mortgagee of the same mortgage. (*Greene* v. *Warnick*, 64 N. Y. 226; *Crane* v. *Turner*, 67 id. 437; *Westbrook* v. *Gleason*, 79 id. 32.) But in none of them was this remark essential to the decision. In *Greene* v. *Warnick* the controversy was as to priority between two concurrent mortgages, one of which, in violation of the agreement between the two mortgagees, had been first recorded and afterward assigned to Warnick. But the other mortgage was recorded before the assignment to Warnick had been either made or recorded, and, as Warnick's conveyance, *i. e.*, his assignment, was not first recorded, he was not within the protection of the statute, and it was so decided.

In *Crane* v. *Turner* the equitable owner of land in possession under a contract of purchase executed a mortgage which the mortgagee assigned, and the mortgage and assignment were both recorded. Afterward the mortgagor received a deed of the premises and conveyed them, taking back a mortgage which he recorded, and then assigned this mortgage to an assignee who had no actual notice of the first mortgage, but who had notice that the mortgagor in that mortgage had been in possession of the premises under his contract from before the date of the mortgage. The assignee recorded his assignment, but it was held that the first mortgage had priority.

It is doubtless true that it was one object of the provision for recording assignments of mortgages, to protect a subsequent assignee of the mortgagor of the same mortgage from being defrauded through a prior assignment not before required to be recorded, and of which he might have no notice. (*James* v. *Morey,* 2 Cow. 246; *Vanderkemp* v. *Shelton, supra.*) But this was not the only purpose. The assignee in good faith and for value of a mortgage, by recording his assignment, may gain priority over a prior unrecorded mortgage, although it could not be claimed by his assignor.

We think the judgment is right and that it should be affirmed.

All concur.

Judgment affirmed.