LOUIS RAPPS et al., Respondents, *v.* HENRY GOTTLIEB et al., Defendants ; BETTIE STERN, Appellant.

An assignee of a mortgage takes subject to the equities between the original parties, and has no greater right against the mortgagor than belonged to the mortgagee.

Where, therefore, a bond and mortgage was executed and delivered to G. upon the express understanding that he should advance thereon a sum specified, and that until the advance was made they were to be "invalid, void and no effect," and G. made no advance, but assigned the instruments to S., who took in good faith and for value, *held,* that the mortgage was invalid in the hands of the assignee; and that an action was maintainable to have the same canceled as a cloud on plaintiffs' title.

The distinction pointed out between such a case and one relating to the transfer of conceded existing legal rights, wherein questions arise as to equities, not between the original parties, but between subsequent holders ; as in the cases of *McNeil* v. *Tenth Nat. Bank* (46 N. Y. 325); *Moore* v. *Met. Bank* (55 id. 41).

The rule that where one of two innocent parties must suffer from a wrong, he must bear the loss whose action enabled the wrong to be done, applies only in an emergency; it is a rule of last resort, applicable only where all others fail.

Reported below, 67 Hun, 115.

(Submitted March 19, 1894; decided April 10, 1894.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order

made February 13, 1893, which affirmed a judgment in favor
of plaintiffs entered upon a decision of the court on trial at
Special Term.

This action was brought to have canceled as a cloud upon
title and satisfied of record a bond and mortgage executed by
the plaintiffs to the defendant Henry Gottlieb, and assigned
by him to the defendant Bettie Stern.

The facts, so far as material, are stated in the opinion.

*Alfred Steckler* for appellant.   It is undoubtedly well settled
that an assignee of a mortgage must take it subject to the equities
attending the original transaction.   This case is an exception to
the rule.   Here the plaintiffs, by their own act, put it in the
power of the wrongdoer to commit the wrong; and, where one of
the innocent persons should suffer, he that put it in the power to
do the wrong should suffer alone.   The plaintiffs, by their own
affirmative act, in executing and delivering the mortgage to
Gottleib, conferred the title and absolute ownership of said bond
and mortgage upon Gottlieb, and they are estopped from disput-
ing the same. (*McNeil* v. *T. N. Bank*, 46 N. Y. 329; *Zoellen*
v. *Riley*, 100 id. 102; *Parker* v. *Enner*, 93 id. 119; *Wood* v.
*Chapin*, 13 id. 509; *Simpson* v. *Del Hoyo*, 94 id. 194.)   The
mortgage executed by the plaintiffs to Gottlieb recites the fact
that they are justly indebted to him in the sum of $1,000.
The bond executed by the plaintiffs to Gottlieb recites the
fact that they are bound to pay to him the sum of $1,000.
The plaintiffs are, therefore, estopped from disputing the
truthfulness of these recitals, and are bound thereby as against
an innocent holder for value.   A recital of the receipt of the
consideration or admission of indebtedness is binding as against
an innocent purchaser. (72 Ala. 632; 100 Ind. 558; 130·
Mass. 289; 27 Penn. St. 151; 35 id. 523; 78 Am. Dec. 354;
*Moore* v. *M. Bank*, 55 N. Y. 41.)   Even if Gottlieb pro-
cured the mortgage by fraud, he could give good title to an
innocent purchaser for value. (*Zink* v. *People*, 77 N. Y. 121;
*Root* v. *French*, 13 Wend. 570; *Page* v. *Kilker*, 137 N. Y.
307.)

*Jacob Manheim* for respondents. The court was right in its conclusion of law that a bond and mortgage without consideration, and void and without legal inception in the hands of the obligee and mortgagee mentioned in said bond and mortgage, are also void in the hands of any subsequent assignee of said bond and mortgage, though such assignee received said assignment in good faith and for value. (*Trustees of Union College* v. *Wheeler*, 61 N. Y. 88; *Green* v. *Fry*, 93 id. 253; *Kursheedt* v. *McCune*, 8 N. Y. S. R. 440; *Ingraham* v. *Disborough*, 47 N. Y. 421; *Crane* v. *Turner*, 67 id. 437; *Hill* v. *Hoole*, 116 id. 299; *Westfall* v. *Jones*, 23 Barb. 9; *Bennett* v. *Bates*, 94 N. Y. 354; *Shafer* v. *Reilly*, 50 id. 61; *Davis* v. *Bechstein*, 69 id. 440; *Briggs* v. *Langford*, 107 id. 680.)

FINCH, J. We must assume in this case that the mortgage which the plaintiffs seek to cancel as a cloud upon their title never had a valid inception, and failed to become a subsisting security. The finding is that the bond and mortgage, after having been duly executed, were delivered to one Gottlieb "upon the express understanding" that he should advance nine hundred and twenty-five dollars as the consideration, and that until such advance was made the "bond and mortgage were to be invalid, void and of no effect." In other words, there was only a conditional delivery of the security, depending for its validity upon the advance of the money, and so the creation of a debt which the bond and mortgage could secure. Gottlieb never advanced the money, but, availing himself of his possession of the instruments, assigned them to the defendant Bettie Stern, who took them in good faith and for value. Relying upon that fact, she now claims to be protected in her ownership, and to hold and enforce the securities against the mortgagor. She has been defeated and required to deliver up and cancel the instruments as being without consideration and void, and appeals from that decision.

The rule is conceded that the assignee of the mortgage takes subject to the equities between the original parties, and has

no greater rights than the original mortgagee. The mortgage, therefore, was invalid in the hands of the assignee, because her assignor could not enforce it against the mortgagor. But while conceding this rule, the appellant claims that there are exceptions to it, and cites the cases in which the owner of property has negligently, or from over-confidence, clothed another with its apparent ownership and with seeming authority for its transfer, and in which, by estoppel or otherwise, the innocent assignee for value has been protected. Obviously, such an exception applied to this case would annihilate the rule, for in all cases of the assignment of a mortgage invalid between the original parties its existence when it ought not to have existed indicates the negligence or over-confidence referred to as the basis of the exception. None of those cases relate to the transfer of a mortgage, which is but a security or lien and enforcible only in equity, but all of them were instances in which the assignor had the legal title and the means of transferring it in the most effectual manner. They related to the transfer of a conceded existing legal right, and respected the equities, not between the original parties, but between subsequent holders dealing in one way or another with the valid securities. The appellant's chief reliance is upon *McNeil* v. *Tenth Nat. Bank*, (46 N. Y. 325), and *Moore* v. *Metropolitan Bank*, (55 id. 41). In neither case was there any question between the original parties. In the one the plaintiffs owned certain shares of bank stock by a title perfectly valid as between them and the corporation of issue, and without any existing equities in favor of the latter. That stock the plaintiffs pledged and the pledgees made a further transfer to the defendant bank and all the questions arose, not between the original parties to the stock obligation, but between the subsequent holders. In *Moore* v. *Metropolitan Bank* the plaintiff held a certificate of indebtedness issued by the capitol commissioners. There was no question of its validity or of any equity in behalf of the state, but the whole quarrel was among the transferees, and respecting their dealings with a security concededly valid as between the original parties. It was argued in that case that protection to the

assignee as a holder in good faith and for value would make all non-negotiable securities at once negotiable, to which the court retorted : " Not so. No one pretends but that the purchaser will take the former subject to all defenses valid as to the original parties." These cases, therefore, in no manner infringe or work exceptions to the uniform rule that the assignee of a mortgage has no greater right against the mortgagor than belonged to the original mortgagee.

A further argument is made founded upon the doctrine that where one of two innocent parties must suffer from a wrong he must bear the loss whose action enabled the wrong to be done ; but that doctrine applies only in an emergency. It solves problems which have no other solution ; it supplies a ground of decision where all others are absent ; it operates as a reason when nothing else can master the situation ; it is a rule of last resort, applicable only where all others fail ; it is a doctrine subordinate and not dominant, which reverses no other, but submits to the authority of all, and is adequate to an ultimate decision only when it has the field to itself. Any wider view of it would make it a disturbing force, tending to unsettle and destroy the most firmly fixed doctrines of the law. It is good and useful — in its place — but will always make trouble if not kept where it belongs. Applied to this case it would, as I have already suggested, destroy the doctrine which we have long and steadily held, that the assignee of a mortgage takes no greater right than belonged to the original mortgagee, for the apparent mortgagor who does not owe the debt and the assignee who has parted with his money may each be innocent and one must suffer, and that one would be the party who signed the mortgage and set in motion the sequence of results. If it is always remembered that the doctrine as to innocence on both sides operates only when other solutions are not available, or possibly in aid of proper solutions, very much of needless confusion will be avoided.

I think, therefore, that the decision below was right and the judgment should be affirmed, with costs.

All concur.

Judgment affirmed.