(12 Misc. Rep. 329.)

DAVID STEVENSON BREWING CO. v. IBA et al.

(Superior Court of New York City, General Term. May 6, 1895.)

MORTGAGES—PRIORITIES—RECORD.
    The assignee in good faith, and for value, of a recorded mortgage, gets no preference over a prior unrecorded mortgage, by reason of such record, when his assignor could not claim such preference.

Appeal from equity term.

Action by David Stevenson Brewing Company against Caspar Iba and others to have mortgage filed subsequent to one to defendants declared prior and superior. Judgment was entered in favor of plaintiff, and defendants appeal. Affirmed.

Argued before SEDGWICK, C. J., and McADAM, J.

Joseph Steiner, for appellant Iba.
A. & C. Steckler, for appellants Lewis.
W. G. McCrea, for respondent.

McADAM, J.   This is a suit by the plaintiff to have a chattel mortgage made to it by George J. Sawyer, though subsequently filed, declared prior and superior to one made by him to Caspar Iba, and assigned to the defendants Lewis, on the ground that Iba, the assignor, at the time of the execution of the mortgage to him, knew of the existence of the mortgage to the plaintiff, and had agreed that the same should be a prior lien to his, and for damages by reason of the defendants' conversion of the property covered thereby.   The case presented a conflict of evidence, and the trial judge, on evidence sustaining the finding, held with the plaintiff on the facts, and, as conclusions of law, decided that the chattel mortgage given by Sawyer to Iba, although first filed, was subject to the prior lien of the chattel mortgage held by the plaintiff; that Iba took his mortgage for an antecedent debt, except as to the sum of $12; and that the defendants Lewis, as assignees, took the title of their assignor, and nothing more.   The rule is that an assignee, in good faith and for value, of a recorded mortgage, gets no preference over a prior unrecorded mortgage, by reason of such record, when his assignor could not claim it. Greene v. Warnick, 64 N. Y. 220; Decker v. Boice, 83 N. Y. 215; Rapps v. Gottlieb, 142 N. Y. 164, 36 N. E. 1052.   We find no error, and the judgment appealed from must be affirmed, with costs.