The David Stevenson Brewing Company, Respondent, v. Caspar Iba, Isaac Lewis, Joseph D. Lewis and Henry Lewis, Appellants.

1. Non-negotiable Choses in Action — Subjection of Assignee to Equities.  An assignee in good faith and for value, of a non-negotiable chose in action, such as a chattel mortgage, takes it not only subject to all the equities existing between the parties to the instrument, but also to the equities which third persons could enforce against the assignor.

2. Chattel Mortgage — Assignee of Second Mortgage, Subject to Equities of Mortgagee of First Mortgage.  An assignee in good faith and for value, of a filed chattel mortgage, has no greater rights than his mortgagee possessed, and is entitled to no preference over a subsequently filed prior mortgage, when his mortgagee could not claim priority because of notice or any other equity, as, when his mortgagee had agreed with the mortgagee of the prior unfiled mortgage that it should be the first lien.

3. Agreement between Mortgagees not Affected by Filing.  If the respective mortgagees of two chattel mortgages on the same property, agree with the common mortgagor and with each other that the mortgage first executed shall be the first lien, such agreement will not be affected by the prior filing of the second mortgage, and can be enforced by the owner of the first mortgage not only as against the mortgagee of the second mortgage, but also as against any subsequent purchaser of that mortgage.

*Stevenson Brewing Co.* v. *Iba*, 12 Misc. Rep. 329, affirmed.

(Argued February 4, 1898; decided March 1, 1898.)

APPEAL from a judgment of the General Term of the late
Superior Court of the city of New York, entered May 6, 1895,
affirming a judgment entered upon a decision of the court on
trial at Special Term in favor of the plaintiff and against the
defendants Lewis for the sum of $2,131.54, and adjudging a
chattel mortgage made by one George W. Sawyer, not a party
to the action, to be a second mortgage and a lien subordinate
to the mortgage executed by said Sawyer to the plaintiff.

The facts, so far as material, are stated in the opinion.

*Alfred Steckler* for appellants. The defendants Isaac
Lewis & Sons, being innocent *bona fide* purchasers of the Iba
mortgage, for value, without knowledge or notice of any
alleged prior mortgage, their title as first mortgagees is good.
(*Moore* v. *M. Nat. Bank*, 55 N. Y. 41; *Ball* v. *Shell*, 21
Wend. 222; *Zink* v. *People*, 77 N. Y. 114; *Simpson* v. *Del
Hoyo*, 94 N. Y. 194.) The rule that the assignee of a chose
in action, except in the case of negotiable paper, takes it sub-
ject to every equity and defense that would be valid between
the original parties to the instrument, and, in some instances,
subject to equities or defenses of third persons not parties to
the instrument assigned, does not apply to assignments of
chattel mortgages. (*Rapps* v. *Gottlieb*, 142 N. Y. 164; *Tay-
lor* v. *Gitt*, 10 Penn. St. 428; *Mullison Est.*, 68 Penn. St. 212;
*Metzgar* v. *Metzgar*, 1 Rawle [Pa.], 227; *Livingston* v. *Dean*,
2 Johns. Ch. 479; *Moore* v. *Holcombe*, 3 Leigh, 597; *Mott*
v. *Clark*, 9 Penn. St. 399; *Westbrook* v. *Gleason*, 79 N. Y.
23; *Jackson* v. *Given*, 8 Johns. 137; *Varick* v. *Briggs*, 6
Paige, 323; *Fort* v. *Burch*, 6 Barb. 60.) The defendants
Lewis & Sons are innocent *bona fide* owners of the first mort-
gage for value. (*Grissler* v. *Powers*, 81 N. Y. 57; *McKeaye*
v. *H. F. Ins. Co.*, 81 N. Y. 38; Croke's James, 683; 20
Wend. 201; 7 Hun, 279; 69 N. Y. 502; 2 H. & N. 517;
52 N. Y. 138; 55 N. Y. 235; *M. L. Ins. Co.* v. *Smith*, 23
Hun, 535; *Jaycox* v. *Caldwell*, 51 N. Y. 395.)

*William G. McCrea* for respondent. An assignee in good
faith and for value of a recorded mortgage gets no preference

over a prior unrecorded deed or mortgage, by reason of such record, when his assignor could not claim it by reason of notice or any other equity. They are affected by this equity, though they purchased without notice. (*Decker* v. *Boice*, 83 N. Y. 215; *Greene* v. *Warnick*, 64 N. Y. 220; *Rapps* v. *Gottlieb*, 142 N. Y. 164.) Plaintiff's mortgage was payable on demand, and demand was made before the removal of the goods, and the same then became due, and the act of the second mortgagees in taking possession and retaining said goods after the same became due was a conversion, and they were answerable to plaintiff for the value of the goods so converted. (*Champlin* v. *Johnson*, 39 Barb. 608; *Judson* v. *Easton*, 58 N. Y. 664; *Hall* v. *Sampson*, 35 N. Y. 274; *Hathaway* v. *Brayman*, 42 N. Y. 322.)

Parker, Ch. J. One Sawyer, being indebted to the plaintiff and to the defendant Caspar Iba, made an agreement with them that the plaintiff should lend him the further sum of nine hundred dollars, and accept as security for the entire indebtedness a chattel mortgage which should be a first lien upon certain personal property of Sawyer's, Sawyer to turn over such sum of nine hundred dollars to Iba, to whom he owed one thousand nine hundred and twenty-five dollars, and give to him a second chattel mortgage on the same property to secure the sum of one thousand and twenty-five dollars. Not only was the mortgage from Sawyer to Iba second in point of fact, but it was agreed between the three parties mentioned that it should be second.

Iba, however, filed his mortgage first and a few days later assigned it to the defendants Lewis, to whom he was indebted in the sum of one thousand and thirteen dollars, they paying him the difference in cash. They knew nothing of the agreement between their assignor, the plaintiff and Sawyer, that the plaintiff's mortgage should be the first lien on the property. There was some controversy about the facts upon the trial, but the record comes to us with the facts found of which the above is a summary.

The trial court determined that plaintiff's mortgage was the first lien upon the property, and awarded a money judgment against the defendants Lewis for its value, they, under their mortgage a few days after its date, having taken possession of it against the protest of the plaintiff.

The learned counsel for the appellants, while recognizing the existence of the general rule that a *bona fide* purchaser for value of a non-negotiable chose in action takes it subject to all the equities existing against it in the hands of the assignor, insists that it is not applicable to latent equities held by third parties. By third parties he refers to those outside of the original debtor, and the subsequent transferees in the line of ownership of the chose in action. Formerly the view was entertained by some judges that the rule was thus confined, but in *Greene* v. *Warnick* (64 N. Y. 220) many of the prior cases on that subject were considered, and it was decided that an assignee of non-negotiable choses in action takes them not only subject to all the equities existing between the parties to the instrument, but also to the equities which third persons could enforce against the assignor.

Later on the question was presented in *Decker* v. *Boice* (83 N. Y. 215), whether an assignee in good faith and for value, of a recorded mortgage, obtains any preference over a prior unrecorded deed or mortgage by reason of such record, when his assignor could not claim priority because of notice or any other equity. The answer of the court was that he does not, because his assignor acquired no benefit by recording his mortgage, inasmuch as he was a party to the agreement that his mortgage should be of equal lien to the unrecorded mortgage. And his assignee stands in no better position, for he takes it subject to all of the equities existing against the mortgage in the hands of his assignor.

The doctrine laid down by the decisions to which we have referred has since been regarded as settled in this state, but the appellants refer to one of the latest cases in this court touching that subject (*Rapps* v. *Gottlieb*, 142 N. Y. 164) as supporting their contention, inasmuch as it is there said that

an assignee of a mortgage takes it subject to the equities between the original parties and has no greater right against the mortgagor than had his assignor.   The facts of that case called for no broader statement.   The question there was whether the assignee of a mortgage took it subject to the equities existing in favor of the mortgagor as against the mortgagee, and there was no occasion for a reference to the equities of third parties, for none such existed.   But the court not only said that the " assignee of the mortgage takes subject to the equities between the original parties," but also that he " has no greater rights than the original mortgagee."

Thus is stated briefly, but accurately, the effect of the rule.

Iba, the defendants' assignor, as mortgagee acquired only a second lien upon the property described in it.   Filing the mortgage did not help him.   It was still affected by the agreement that it should be a second mortgage, and that agreement the plaintiff, as owner of the first mortgage, could enforce, not only as against Iba, but also as against any subsequent purchaser of his mortgage.

The judgment should be affirmed, with costs.

All concur, except GRAY, J., absent.

Judgment affirmed.