HENRY ELIAS BREWING CO. v. BOEGER et al.

(Supreme Court, Special Term, Kings County. December 15, 1911.)

1. HUSBAND AND WIFE (§ 25*)—AGENCY OF HUSBAND FOR WIFE—NOTICE—
PRIORITIES.

Where a husband, authorized by his wife to· transact all her business as her agent, knew that a chattel mortgage given to the wife was a second mortgage, that the wife's mortgage was filed before the first mortgage was filed did not give her mortgage the preference; the husband's knowledge being imputed to her.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 148–154; Dec. Dig. § 25.*]

2. CHATTEL MORTGAGES (§ 208*)—PRIORITIES—FAILURE TO FILE—ACTUAL NO-
TICE—RIGHTS OF ASSIGNEES.

An assignee in good faith of a second chattel mortgage, recorded prior to the recording of the first mortgage, does not obtain a preference over the first mortgage, where his assignor could not claim such preference by reason of notice of the first mortgage, unless the assignment is recorded before the recording of the first mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 208.*]

3. CHATTEL MORTGAGES (§ 150*)—PRIORITIES—RIGHTS OF ASSIGNEES.

A chattel mortgage, reciting that it was intended as a first mortgage, was recorded after the recording of a subsequent mortgage to a mortgagee having notice of the prior mortgage. The second mortgagee, after the recording of both mortgages, assigned his mortgage for value to a purchaser having no actual notice of the facts. Held, that the assignee was chargeable with constructive notice of the first mortgage, under Lien Law (Consol. Laws 1909, c. 33) § 230, making unrecorded mortgages void as against subsequent mortgagees in good faith, since an examination of the files would have disclosed the priority of the first mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 246–252; Dec. Dig.· § 150.*]

Action by the Henry Elias Brewing Company against Carl Boeger and Henry Reis. Judgment for plaintiff.

---

*For other cases see same topic·& § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Arthur B. Hyman, for plaintiff.
William R. Rust (Thornton Earle, of counsel), for defendant.

CRANE, J. [1] Assuming that article 10, § 230, of the lien law, is as broad in its protection as the recording acts relating to real property, yet the assignee of the junior mortgage has not brought himself within that protection. I am convinced that the assignor of this mortgage, Johanna Magurk, was not a mortgagee in good faith; that at the time she accepted the mortgage from Carl Boeger she knew that the brewing company had a first mortgage upon the same property for $3,500. If she did not know, it was because she authorized and permitted her husband to transact all her business as her agent, and his knowledge would be imputed to her. Little doubt exists but that Mr. Magurk knew that his wife's mortgage was a second mortgage. It is true that the Magurk mortgage was filed February 14, 1911, one day before the plaintiff's first mortgage; but this gave the Magurk mortgage no preference over that of the brewing company, as Johanna Magurk, the junior mortgagee, had notice, and was not a first mortgagee in good faith. The assignment of this junior mortgage from Magurk to Henry Reis was made 15 days after the plaintiff's mortgage was filed; that is, on March 2, 1911. Unless protected by the lien law or filing act, Reis took, according to the general rule of assignments, no better title than his assignor, Mrs. Magurk had, and the mortgage in his hands was subject to the plaintiff's mortgage, because it was so subject while the assignor held it. If the lien law be given the same meaning in this particular as the real estate recording acts, Henry Reis, the assignee, was not protected by it, simply because the mortgage he took was filed before that of the plaintiff. The latter was filed before he took the assignment, and thus became a first lien.

[2] An assignee in good faith and for a valuable consideration of a recorded mortgage gets no preference over a prior unrecorded deed or mortgage by reason of such record, when his assignor could not claim it by reason of notice. If, however, the assignment is recorded before the recording of such prior deed or mortgage, he thereby obtains a preference. Decker v. Boice, 83 N. Y. 215; Stevenson Brewing Co. v. Iba, 155 N. Y. 224, 49 N. E. 677. Henry Reis, I find, was an assignee for value and in good faith, but under the above rule is subject to the notice and knowledge possessed by Johanna Magurk.

But it is claimed by Henry Reis that he takes the assignment free of all equities and contrary to the general rule of assignments of choses in action, as the chattel mortgage in this case was given to secure promissory notes, also negotiated to him, and that the mortgage assignment takes on the nature of negotiable paper. It is stated in the text-books that some states have adopted the rule that a mortgage given to secure negotiable paper is subject to none of the equities existing between the original parties, when in the hands of a bona fide holder for value, while it would have been different had the mortgage been given as security for a bond. All states have not adopted this rule, as can be seen by reference to 1 Jones on Mortgages (6th Ed.) §

834. Where the law is that no other defenses are allowed in foreclosure than would be allowed on the notes at law, the equities shut out are those always spoken of as existing between the original parties. I can find no case where the equities existing in favor of third parties, called "latent equities," against the lien of the mortgage, and not against the notes or debt, have been said to be cut off, except the case cited in 1 Hilliard on Mortgages (4th Ed.) 573, to support the statement in the text:

"The assignee is not subject to the latent equities of strangers of which he has no notice."

In this state Gould v. Marsh, 4 Thomp. & C. 128, 1 Hun, 566, applied the rule that the mortgage given to secure negotiable paper was subject to no more defenses than the notes; but even in that case the notes and mortgage had passed to a bona fide holder before the prior mortgage was filed. In this case the notes and mortgage were taken by Reis, not before, but after, the plaintiff's mortgage was filed. The Gould Case cites as an authority, and follows, Carpenter v. Longan, 16 Wall. 271, 21 L. Ed. 313. The same year in which the Gould Case was decided the Court of Appeals decided the case of Trustees of Union College v. Wheeler, 61 N. Y. 89, at page 107, in which Commissioner Dwight said:

"Reference is made to a class of cases appearing in the law reports of a number of states holding in substance that, when a mortgage is given to secure a negotiable note which itself is transferred before maturity for value, it is taken by the assignee free from all equities. These cases have not yet become established law in this state"—citing Carpenter v. Longan, supra.

The search which my time has permitted does not reveal any other case in this state upon this point, and counsel in their briefs have cited none. If it be the law that in such instances the equities between the original parties are cut off, I do not believe the equities of third parties touching the mortgage securities are affected. Thomas on Mortgages, § 315, says:

"Curious questions will be presented in connection with negotiable promissory notes secured by mortgages, as between the indorsees or transferees of such notes (whose rights were perfected subsequently to the perfecting of a lien upon or a conveyance of the mortgaged premises) and the lienor or grantee. As against the maker of the note the indorsee will acquire a perfect title free of all defenses; but it does not at all follow that, if a valid lien is obtained upon the land before the note comes into the hands of a bona fide purchaser, the holder of the lien may not assert any of the defenses which existed against the note at the time his right accrued in order to protect his title."

This is the situation here.

[3] There is another ground, however, which prevents this junior mortgage from becoming a first lien, and that is the constructive notice to the defendant Henry Reis. At the time the plaintiff filed its mortgage, February 15, 1911, there was no other lien ahead of it. True, the Magurk mortgage was filed the day before; but Johanna Magurk, the mortgagee, had notice of the plaintiff's right to a first lien, and so was not a bona fide mortgagee. Not until March 2, 1911, did the Magurk mortgage pass into the hands of a purchaser or as-

signee for value and in good faith, the defendant Henry Reis; but at that time the plaintiff's mortgage had been filed and its lien protected as a first lien by section 230 of the lien law. The plaintiff's mortgage contained a statement that it was intended as a first mortgage, so that an examination of the record or files would have disclosed this fact or very suspicious statement, and therefore the assignee, Henry Reis, is charged with that knowledge which reasonable inquiry would have disclosed. Sweet v. Henry, 175 N. Y. 268, 67 N. E. 574. Even those states adopting the rule that the mortgage follows the note hold that a prior recorded assignment is notice to the holder of the note. Strong v. Jackson, 123 Mass. 60, 25 Am. Rep. 19. See, also, David Stevenson Brewing Co. v. Iba, 12 Misc. Rep. 329, 33 N. Y. Supp. 642, affirmed 155 N. Y. 224, 49 N. E. 677. At the time Reis took the note and mortgage, he had constructive notice of what the files and records would have disclosed, and was therefore aware of the plaintiff's claim, and not an innocent purchaser or assignee.

Upon the foregoing statements, judgment must be given to the plaintiff.