PETER V. SHERWOOD, Respondent, v. FRED O. H. FINCKE COMPANY, INC., and Others, Appellants.

Second Department, March 31, 1921.

Injunction — prosecution of foreclosure not restrained to await determination of mortgagor's action for damages for fraud in sale — mortgagor's action may be set up as counterclaim in foreclosure.

In an action by a mortgagor to have an assignment of a bond and mortgage set aside and for damages for fraud in the sale of the land, in which the plaintiff does not rescind nor offer to restore the property, an injunction will not be granted restraining the defendant from prosecuting a suit to foreclose the mortgage, where there is no allegation of a threat to remove or dispose of property within the meaning of subdivision 2 of section 604 of the Code of Civil Procedure, which would render plaintiff's judgment ineffectual.

The plaintiff may in an action to foreclose the mortgage set up the present cause of action as a counterclaim and recoup his damages.

APPEAL by the defendants, Fred O. H. Fincke Company, Inc., and others, from an order of the Supreme Court, made at the Queens Special Term and entered in the office of the clerk of the county of Queens on the 29th day of November, 1920, granting plaintiff's motion for an order restraining the defendants from commencing or maintaining any foreclosure or other proceedings against the plaintiff under and by virtue of a certain bond and mortgage, till the determination of the action against the defendants wherein the relief asked is that

an assignment of said bond and mortgage be set aside and for damages for fraud in the sale of said land to the plaintiff.

*Henry Pearlman [Isidor E. Schlesinger* and *Louis Soll* with him on the brief], for the appellants.

*Lyman W. Redington*, for the respondent.

PER CURIAM:

The plaintiff has not rescinded and does not seek to rescind the instrument he claims was procured by fraud. Neither does he restore nor offer to restore the property obtained by him. His action is clearly an action for damages only. (*Hedges* v. *Pioneer Iron Works*, 166 App. Div. 208, 209.) The nature of the action, therefore, did not authorize an injunction under section 603 of the Code of Civil Procedure. The only thing which plaintiff's moving papers allege the defendants are threatening to do tending to make plaintiff's judgment ineffectual is to foreclose the mortgage upon plaintiff's premises. As this action is to recover damages the plaintiff should show a threat to remove or dispose of property under subdivision 2 of section 604 of the Code of Civil Procedure. The threatened action of the defendants or an assignment of the mortgage would leave the plaintiff's rights unimpaired, as the plaintiff in any action to foreclose the mortgage may set up this cause of action as a counterclaim and recoup his damages. This may be done notwithstanding any assignment of the mortgage, as the assignee takes the mortgage subject to all equities existing between the original parties. (See *Rapps* v. *Gottlieb*, 142 N. Y. 164; *Briggs* v. *Langford*, 107 id. 680, and *Hill* v. *Hoole*, 116 id. 299, cited by plaintiff; also Code Civ. Proc. § 502; Pers. Prop. Law, § 41, subd. 3; *American Guild* v. *Damon*, 186 N. Y. 360; *Crane* v. *Turner*, 67 id. 437.) The plaintiff, therefore, has not shown himself entitled to an injunction under the only provisions of the Code of Civil Procedure authorizing it, nor that he is without a remedy at law.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

MILLS, RICH, BLACKMAR, KELLY and JAYCOX, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.