Anthony M. Livoti, J.
In an action to foreclose a purchase-money mortgage the plaintiff moves for summary judgment against the defendant Sea Cliff Homes, Inc.
The complaint alleges that the plaintiff is the assignee of the purchase-money mortgage executed by the defendant Sea Cliff Homes, Inc., hereinafter called “ Sea Cliff ”, to one Eudolph Caroleo, hereinafter called “ Caroleo ”, in connection with the sale of a certain plot of land owned by Caroleo and sold to the defendant Sea Cliff. It further alleges that the defendant Sea Cliff failed to make certain payments in accordance with the mortgage agreement, and pursuant to such agreement, the mortgagees, at its option, may declare the whole sum due, including principal and interest.
*1079 The defendant Sea Cliff, in its answer, in addition to certain denials, pleads as an affirmative defense and counterclaim that it was induced by the plaintiff’s assignor Caroleo, by false and fraudulent representations, to purchase the property upon which the mortgage was given. These representations were that the property involved would be serviced by a sewer to be installed in the bed of the street in front of the property; that Caroleo exhibited a plan in writing by a registered architect certifying the exact placement of said sewer, but that in fact the property could not be serviced by a sewer as represented by Caroleo and that Caroleo at the time knew this and had in his possession a new sewer plan, approved by the Building Department of the Borough of Queens, which he willfully withheld from the defendant and a construction of which would be much more expensive than the sewer as represented by Caroleo.
Plaintiff contends that notwithstanding the alleged fraudulent representations by his assignor, he should be entitled to foreclose the mortgage. It argues its conduct is neither ‘ ‘ inequitable or oppressive ’ ’ and that a clause in the contract states in essence that neither party relied upon any statement or representation not embodied in the contract, but that in any event the defendant Sea Cliff waived any rights it might have because of the alleged fraudulent representations since it made payment in accordance with the mortgage and is now alleging for the first time the fraudulent representations, more than one year and four months after the execution of the contract of sale.
The defendant Sea Cliff contends that the assignee of a mortgage acquires no greater rights under a mortgage than its assignor and that it did not waive its cause of action for fraud against Caroleo since the fraud was not discovered until after certain payments were made on the mortgage.
The contract provides in pertinent part that “ The Seller shall give to the purchaser all surveys and building department and other plans for the 5 dwellings including sewer permits.” In view of this contract provision, the alleged representations by Caroleo concerning the sewer would be material and would give rise to an action, the gravamen of which would be fraud by defendant Sea Cliff. (Junius Constr. Co. v. Cohen, 257 N. Y. 393; Fong Wing v. Gutwirth & Errante Homes, 95 N. Y. S. 2d 523, affd. 276 App. Div. 933; Kilbane v. Scarsdale Downs Homes, 132 N. Y. S. 2d 234.) The “ no representation ” clause would not bar such an action. (Ernst Iron Works v. Duralith Corp., 270 N. Y. 165; Benitez v. Martinez, 1 A D 2d 959; Massler v. Smit, 279 App. Div. 941; Anides v. Kahar Realty Corp., 126 N. Y. S. 2d 585, affd. 283 App. Div. 822.)
*1080 An assignee of a purchase-money mortgage takes subject to all defenses arid counterclaims that are available to the mortgagor against the assignor and the assignee acquires no greater rights against the mortgagor than those of the assignor. (Granick v. Mobach, 13 A D 2d 534; Dixon Realty Co. v. Commercial Affiliates, 9 A D 2d 665; see, also, Stevenson Brewing Co. v. Iba, 155 N. Y. 224; Rapps v. Gottlieb, 142 N. Y. 164; Briggs v. Langford, 107 N. Y. 680; Sherwood v. Fincke Co., 196 App. Div. 97; Merry Realty Co. v. Shamokin & Hollis Real Estate Co., 186 App. Div. 538.)
Waiver is the intentional relinquishment of a known right and is essentially a matter of intention and is usually an issue of fact for trial. (Sillman v. Twentieth Century-Fox Film Corp., 3 N Y 2d 395, 403; Towers Realty Corp. v. Fox, 278 App. Div. 74; 422 W. 15th St. v. Estate of Johnson, 258 App. Div. 227; Hall v. Grays, 227 App. Div. 337.)
It, is apparent, therefore, that there are at least questions of fact concerning the fraudulent representations and the question of waiver. Accordingly, the motion for summary judgment is in all respects denied.